NEW-YORK,
May, 1811.

SMITH and others *against* JANSEN.

SMITH
v.
JANSEN.

IN error, from the court of common pleas of *Ulster* county.

The declaration in the court below was in *debt*, for 54 dollars and 33 cents, on a bond dated the 18th *September*, 1807, given for the *gaol liberties* granted to *Smith*, one of the defendants below, who was committed to gaol on three executions, issued by a justice of the peace, amounting in the whole, with the officer's fees for poundage, &c. endorsed thereon, to 27 dollars and 16 1-2 cents. The defendant, after craving *oyer*, and setting forth the condition of the bond, demurred to the declaration, and the plaintiff joined in demurrer. The court below gave judgment, on the demurrer, for the plaintiff; but stayed the entry of the judgment, until the damages should be assessed on a breach to be suggested. The plaintiff then suggested a breach on the record, that *Smith* did not remain a true and faithful prisoner, according to the condition of the said bond; but escaped and went without the liberties of the gaol, &c. A *venire* was thereupon awarded, and a jury summoned, who found the truth of the breach suggested, and assessed the damages of the plaintiff, to 27 dollars and 16 cents, and his costs at six cents. The court gave judgment thereon *for the debt*, and six cents costs, together with the damages assessed by the jury, and also for 31

Where the penalty of a bond for the gaol liberties was taken for more than double the debt and costs for which the prisoner was committed; but the excess consisted of the officer's fees on the execution; this was held a good bond within the statute.

In an action of debt on such bond, the suggestion of the breach generally, in the words of the condition, is sufficient, without alleging the particular damages.

Where there was a demurrer to a declaration on a bond, and the court adjudging the declaration to be sufficient, the entry on the record was, that the judgment on the demurrer should be stayed until the truth of the breach to be suggested should be ascertained, and the damages assessed; this is to receive a liberal and beneficial construction. The suggestion of breaches may be *before* a formal entry of judgment on demurrer, &c.

was held to be correct within the statute, (24. sess. c. 90. s. 7.) which

But where, in the final judgment, the court of common pleas gave judgment for the debt and six cents costs, together with the damages assessed by the jury, and also the costs of suit adjudged of increase; this was held erroneous, and the judgment of the court below was reversed as to the sum assessed for damages, but suffered to stand good as to the debt and costs, including the costs of assessment; and neither party in this case was held to be entitled to costs on the writ of error.

NEW-YORK,  dollars and 78 cents  costs, adjudged of increase, which
May, 1811.
                  damages in the whole amount to 59 dollars.

SMITH
v.
JANSEN.          *Sudam*, for the plaintiff in error.  1.  The bond is
                  void, by the statute, being taken for more than double the
                  amount for which *Smith* was committed.

                     2.  The bond being taken merely for the indemnity of
                  the sheriff, the breaches assigned should show how
*3 *Bos. & Pull.*  much he has been damnified.*  This is not a case in
312.              which the plaintiff can recover nominal or technical da-
                  mages, but he must show actual damage.  Admitting the
                  plaintiff may recover nominal damages, yet as he proved
†5 *Johns. Rep.*  no actual damage, he is entitled to no more.†
12.
                     3.  The judgment is erroneous, being in *assumpsit*, and
                  not in debt, and includes a sum beyond the penalty of the
                  bond.

                     4.  The form of the judgment on the demurrer is erro-
                  neous.  Instead of saying, " therefore it is considered
                  that the  plaintiff ought to  recover his damages ;" the
                  court below, after saying that the declaration was suffi-
                  cient, &c. proceed ; " but because it is  convenient and
                  necessary that  judgment hereof should  not be given,
                  until the truth of a certain breach hereafter suggested
                  shall be inquired into, and the damages which the plain-
                  tiff has sustained by reason of that breach be assessed
                  by a jury, &c. let judgment he stayed until such time
‡1 *Saund.* 58.   as the premises shall be ascertained as aforesaid."‡
note 1.              5.  The recovery is not only for the debt, and six cents
                  costs, but also for the damages assessed by the jury ;
                  and the costs of executing the writ of inquiry are stated
§2 *Saund.* 187.  to be costs of increase.§
note. *Doug.* 49.
2 *Bl. Rep.* 1190.
6 *Term Rep.*303.  *Van Vechten*, contra.  1.  Most of the errors  assigned
2 *Term Rep.* 388.  are  amendable ; and there is something  by which the
                  amendment can be made.  This court will  do what is
                  right and just, and not suffer the  party to be prejudiced
                  by mere form.

NEW-YORK,
May, 1811.

SMITH
v.
JANSEN.

2. It is sufficient to assign a breach in the words of the condition or covenant ; and the objection is not good after a verdict or inquisition.

3. The plaintiff states all the sums for which the prisoner was confined; and the bond is only double the amount, including the constable's fees. This can never be considered as a violation of the statute.

4. The form of the judgment is amendable, and the court may correct it.

KENT, Ch. J. delivered the opinion of the court. 1. The first error alleged by the counsel for the plaintiff, is, that the bond was void, as it appears to have been taken for more than double the sum for which *Smith* was committed. The penalty of the bond is 54 dollars and 83 cents, and the amount of the three justices' executions against *Smith* (including poundage, mileage, serving execution and other fees, endorsed on each execution) was 27 dollars and 16 cents. These several *items* amounted to 93 cents upon each execution, and the question is, whether they were part of the sum for which the prisoner was confined. He was to remain in gaol, according as the law stood in *September*, 1807, (*Laws of N. Y.* 28th sess. c. 93.) until " the judgment with all taxable costs were fully paid ;" and the bonds for the gaol liberties were to be in double the amount of " the sum for which the prisoner was confined." According to the opinion of this court in *Dole* v. *Moulton*, (2 *Johns. Cases*, 206.) the poundage and fees of execution, as well as the sum in the execution, were to be paid by the debtor, before he was discharged. What was the amount of the mileage for serving the execution does not appear, and cannot be ascertained from the record, for it is not stated at what distance from the gaol of the county the execution was served, by the constable. There are 93 cents charged on each execution, in addition to the

amount of the judgment itself, and the 19 cents for the execution; and, for aught that appears, the lawful charges of the constable might have been that sum, and the whole costs not exceed 5 dollars. The sheriff, when he took the bond, would naturally look to the amount of the debt and costs, endorsed on the execution. He never would think of scrutinizing into the accuracy of the precise amount of the costs; and the prisoner *Smith*, and his sureties, by giving the bond in exactly double the amount of the debt and costs, charged on each execution, must have acquiesced in the correctness of the sum. When there is no allegation or pretence of extortion, or undue means exercised by the sheriff, in procuring the bond, it is right and just that the obligors should be concluded by that acquiescence; and such was the opinion of the court, in the case of *Dole* v. *Moulton*, already referred to.

2. The next error suggested, is, that a competent breach is not assigned. The breach suggested is, that the prisoner did not remain a true and faithful prisoner, according to the condition of his bond; but that he escaped without being discharged by due course of law. This suggestion assigns the breach generally, by negativing the words of the condition, and when such a general assignment *necessarily* amounts to a breach, it is sufficient. (5 *Johns. Rep.* 174.) The suggestion goes beyond the case of an accidental or involuntary escape, for it alleges that the prisoner did not remain true and faithful, but escaped. And if the fact of a voluntary escape (as this must be taken to be) be once established, the condition of the bond is broken, and the bond forfeited. So it was declared by the court, in *Woods* v. *Rowan.* (5 *Johns. Rep.* 42.) The rest was a mere question of damages, and rested upon the proof to be produced to the jury. The assignment states a cause of action, by alleging a breach in fact, and that was

enough to sustain the action, and to entitle the plaintiff to recover some damages. The question of the excess of damages never can be examined upon a writ of error. The evidence is not spread upon the record.

3. The other errors alleged, are merely formal. They go to the form of the record, and do not touch the merits of the case. It is said, that there is no judgment upon the record, after the demurrer, and before the assignment of breaches. The form in 1 *Saund.* 58. *note* 1. gives a judgment in such case; yet the entry goes on immediately to say, that it is convenient that judgment should not be given, but should be stayed until the breaches are assigned and the damages assessed. The record before us is more consistent and rational. It omits the entry of the judgment, and declares it to be postponed until, &c. This is agreeable to the truth and history of the proceeding. The statute does not mean, that the formal entry of judgment in cases of demurrer, or by confession, or *nil dicit*, is requisite *before* the entry of the suggestion of breaches. A previous determination upon the demurrer is sufficient. The statute, as the court of K. B. said, in *Ethersey,* v. *Jackson*, (8 *Term Rep.* 255.) is to receive a liberal and beneficial construction; and that as the statute enabled the plaintiff to enter a suggestion on the record, even after judgment, *à fortiori* it might be done before.

The only remaining difficulty is as to the form of the final judgment. It would seem to be the better construction of the act, that the assessment is only to regulate the sum to be levied on the execution, and that the judgment is to be entered as if there had been no assessment of damages; for the statute says, the judgment is to be entered as " heretofore." The judgment would, therefore, be for the penalty, which is the debt and the costs, in which may be included the costs of the assessment of the damages. This is the construction given to the act by Serjeant *Williams.* (1 *Saund.* 53. *note* 1.

NEW-YORK,
May, 1811.

2 *Saund.* 187. *notes* a. b. c.) Independent of authority, it would appear to be consistent with the end and design of the statute, that the judgment should be pronounced on the damages assessed ; for the plaintiff is bound to have his damages assessed, and to put that assessment upon the record ; (4 *Johns. Rep.* 214.) and he cannot recover beyond the assessment. But the course of precedent and decision is according to the *letter* of the statute, and ought now to be followed. In the present case, the judgment is, as usual, for the debt and costs, but it is also for the 27 dollars and 16 cents, assessed by the jury. In this consists the *gravamen.* The case of *Hankin* v. *Broomhead* (3 *Bos. & Pull.* 607.) is very much in point, to prove that the judgment for the sum assessed, in addition to the judgment for the original debt, is erroneous; and Lord *Alvanley* approves of the form of entry suggested by Serjeant *Williams.* We are, therefore, under the necessity of reversing the judgment upon the assessment, for the 27 dollars and 16 cents ; and leaving it unimpeached, as to the debt and costs, including the costs of the assessment. The judgment here consisting of distinct parts, may be reversed as to one part only. (*Str.* 188. 2 Ld. *Raym.* 893. 1534.) The judgment of reversal must, therefore, be entered with this limitation; and neither party will be entitled to costs upon the writ of error.