ALBANY,
January, 1830.

Wood
v.
Wood.

---

### D. Wood *vs.* T. M. Wood.

In an action of *debt* on bond conditioned for the payment of an *annuity*, after judgment, it is not necessary to have a *scire facias* to warrant an execution for subsequent arrears. An execution may be sued out without a *scire facias*, but it seems it would be well to specify in the direction, particularly, the arrears claimed.

EXECUTION for annuity secured by bond. A judgment was entered in this case at the last May term for $1000, the penalty of a bond, and $55,89, the costs of suit. The bond bears date 22d June, 1816, and is conditioned for the payment of $80 annually to the plaintiff during her natural life. On the 15th May, the attorney for the plaintiff issued a *testatum fieri facias* to the sheriff of the county of Onondaga, in the usual form, and by an indorsement on the execution, directed the sheriff to collect $325,33, but to allow on account of the same a certain payment made by the defendant. On

the 3d August, the sheriff returned that he had made the mo- <span>ALBANY,</span> ney directed to be levied. On the 29th October, the attorney <span>January, 1830.</span> for the plaintiff issued an *alias testatum fieri facias* on the <span>Wood</span> above judgment, and by an indorsement on the execution, di- <span>v.</span> rected the sheriff to collect $80 and the interest thereon from <span>Wood.</span> the 22d June, 1829, besides his fees. It appeared that the sum directed to be levied on the *first* execution was for the balance of the annuities which had accrued up to and includ- ing the annuity due in June, 1828, and the costs of the suit ; and that the amount directed to be levied by the *second* exe- cution was for the annuity due in June, 1829.

The defendant moved to set aside the execution for irregu- larity, insisting that the execution should have been an execu- tion *pro residuum.*

*T. M. Wood,* defendant in pro per.

*S. L. Edwards,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The question here, if any, is not whether the execution should have been for the resi- due, but whether the plaintiff had a right to sue out an exe- cution for subsequent arrears, without proceeding by *scire facias.* In England a bond conditioned for the payment of an annuity, is holden to be within the statute, requiring a sug- gestion of breaches on the record. (2 Burr. 820. 5 T. R. 538. 8 T. R. 126.) Our statute, however, excludes bonds conditioned for the payment of money, and a *scire facias* there- fore is not necessary. An execution may be sued out for ar- rears accruing subsequent to the judgment without a *scire fa- cias,* at any time within a year after they are incurred, or ev- en afterwards, if a writ of execution has been previously sued out and properly continued down, in conformity to the prac- tice of the English courts as it existed previous to the time when it was holden that a bond, conditioned for the payment of an annuity, was within the statute, 8 and 9 William 3, c. 11, § 8. (2 Black. R. 843. 1 H. Black. 297.) It would be well, however, when an execution issues for subsequent arrears, that the direction to the sheriff should specify par-

ALBANY,
January, 1830.

ticularly the arrears claimed, as for instance, "levy $80, the annuity due on the 22d June, 1829, according to the condition of the bond declared on in this cause." The motion in this case is denied with costs.