By the Court, Bronson, J.
The judgment was reversed as to Allerton, because there was no evidence whatever to charge *442 him, and it might, perhaps, have been reversed as to both of the defendants for the same reason. But that question need not be examined.
Where there are two judgments, as in the action of account, or where the judgment is for distinct things, as for damages and costs, there may be an affirmance in part and a reversal as to the residue.(a) But the case of a judgment against several defendants, whether the action he for a tort or upon contract, does not come within the rule. The judgment is entire as to all of the defendants, and must either be reversed or affirmed in toto. The cases are collected in Cruikshank v. Gardner, (2 Hill, 333,) and Bac. Ab., tit. Error (M), 7th Lond. ed. The doctrine is perfectly well settled.(b)
It is said that the statute (Stat. 1837, p 538, § 3) has given a different rule in reviewing the judgments of the New-York assistant justices. But with the exception of a power to order a new trial before the justice, I, see nothing new in this statute. The court “ shall proceed and give judgment in the cause as the very right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the court below, which did not affect the merits.” This has always been the rule in reviewing the judgments of other justices, and it was probably re-enacted here from a doubt whether the general law applied to the judgments of assistant justices in New-York. And yet in Richard v. Walton, (12 John. 434,) a justice’s judgment against two defendants, which was right as to one and wrong as to the other, was reversed in toto, the court holding that the judgment was entire, *443 and could not therefore be affirmed in part. The further provision, that the court “ may affirm or reverse the judgment in whole or in part,” contains nothing new. The law has always been so. But there cannot be a partial affirmance or reversal in every possible case. It can only be done where the law has settled that it may be properly done, to wit, where the judgment is for distinct things, and not where it is against several persons. But the counsel for the defendant in error thinks that the words which follow are very material—the court may “ give such judgment for either party as the very right of the matter may seem to require.” This is no more than repeating in another form, and for more abundant caution, what had been said before. The word “ party” as here used stands for plaintiff or defendant, and includes all the persons belonging to the particular class. The clause does not mean that a judgment which is entire may be reversed as to one defendant and affirmed as to another, without any regard to the rules of law applicable to the case.
There is nothing in the statute to take the case out of the operation of the general rule. The judgment was properly reversed as to Allerton, and it should, as a necessary consequence, have been reversed as to Sheldon. We must therefore reverse both the original judgment and the judgment of affirmance.
Ordered accordingly;

 See Smith v. Jansen, (8 John. Rep. 111 ;) Bradshaw v. Callighan, (id. 558;) Anonymous, (12 id. 340 ;) Bronson v. Mann, (13 id. 460;) Williams v. Sherman, (15 id. 195;) Commonwealth v. Carpenter, (3 Mass. Rep. 268, 270;) Commonwealth v. The Blue Hill Turnp. Co. (5 id. 420 ;) Commonwealth v. Derby, (13 id. 433 ;) Commonwealth v. West Boston Bridge, (13 Pick. 195 ;) Nichol v. Patterson, (4 Hamm. R. 200.)

 See Richard v. Walton, (12 John. Rep. 434;) and Arnold v. Sanford, (14 id. 417.)