### HARMON *vs.* DEDRICK.

A bond, conditioned for the payment of money by instalments, is not within the statute requiring breaches to be assigned in the declaration; and the assignment of breaches, in an action on such a bond, is unnecessary.

Where the plaintiff assigns breaches in his declaration on such a bond, he is not entitled to a *scire facias*, under the 12th section of that statute, to have his damages, for further breaches, assessed.

A *scire facias* to have execution of a judgment, where there is no change of parties, is not a common law writ; and is given by statute only in cases where the time for issuing execution is passed.

THIS is a demurrer to a *scire facias*.   By the *scire facias* it appeared that the plaintiff, in the January term of the supreme court in the year 1846, recovered a judgment against the defendant, in an action of debt on a bond, for $3357,80 of debt, and $25,11 damages.   That the bond upon which the judgment was recovered was in the penal sum of $3357,80, conditioned for the payment of $1678,90, and interest, in five instalments, as follows: $250 and interest on the first day of November, after the date of the bond, which would be November 1st, 1845, and the remaining sum of $1438,90 and interest, in four equal annual instalments from July 2d, 1845, with annual interest on the sums from time to time remaining unpaid.   That the plaintiff in his declaration assigned, as a breach of the condition of the bond, the non-payment of the first instalment, as though the condition had been for the performance of covenants other than for the payment of money, had his damages assessed on such breach, and entered up his judgment thereon, the same as though the proceedings were under the statute.   He then sued out this *scire facias*, assigning a further breach, by the non-payment of another instalment, and claimed to have his damages assessed, &c.   The defendant demurred to this *scire facias*, and assigned for causes of demurrer, (1.) That the said writ of *scire facias* is given by statute in certain cases, and is not a remedy at common law; and the writ issued in this cause

Harmon *v.* Dedrick.

is not authorized by statute, and is sued out contrary to law. (2.) This is not a case in which the plaintiff could proceed by *scire facias.* (3.) The breaches are improperly and defectively assigned.

*M. B. Champlin*, for the defendant.

*Norton & Wetherley*, for the plaintiff.

*By the Court*, MULLETT, J. The bond upon which the original suit was brought, is not within the statute requiring breaches to be assigned in the declaration. (2 *R. S.* 378.) There was no necessity for assigning breaches. (*Spalding* v. *Millard,* 17 *Wend.* 331.) The plaintiff should have entered his judgment for the penalty of the bond and his costs of suit, and issued his execution, with a direction endorsed to levy the instalment due, and so again from time to time as future instalments became due. In such case he needs no *scire facias.* (*Wood* v. *Wood,* 3 *Wend.* 454.) If the plaintiff has made up his record correctly, even under the practice which he has adopted, he has a judgment for the penalty of the *bond*, and his costs of suit, and a *further* judgment that he have execution for the damages assessed. (8 *John. Rep.* 111.) These damages have been collected, and this *further* judgment spent. Whether he can now go on and issue execution, for the collection of future instalments, in the same manner as though he had not assigned any breach in his declaration, or whether he can have his record amended, so as to enable him to do so, are questions not now before us. We do not undertake to point out the course the plaintiff should pursue. We think, however, he is not entitled to the *scire facias* provided for by the revised statutes, (*vol.* 2, *p.* 379 ;) for *that* is given only in cases within the statute in relation to " proceedings on bonds for the performance of covenants other than for the payment of money." Section 12 of the said statute provides, that whenever *such* further breaches shall occur, the plaintiff may have a *scire facias,* &c. ; and we can find no authority or precedent for a *scire fa-*

*cias* to assess damages for the breach of the condition of a bond, when it was not necessary to assign breaches in the original action. In England, a bond conditioned for the payment of money by instalments is considered within their statute requiring the assignment of breaches on bonds conditioned for the performance of covenants. ( *Willoughby* v. *Swinton*, 6 *East*, 550.) The course pursued by this plaintiff would be correct there. Our statute does not require breaches to be assigned on such bonds, and therefore gives no *scire facias* in such cases. At common law, a judgment in an action of debt on bond was for the penalty of the bond, without reference to the condition, and execution was issued and enforced for the penalty, unless the defendant applied to a court of equity for relief. Courts of law afterwards assumed to grant similar relief on motion ; so that the plaintiff entered his judgment for the penalty, and issued execution accordingly ; and directed the sum to be levied at his peril. This is still the practice on bonds for the payment of money only, where the sum due is mere matter of computation, and there is no need of a *scire facias* to assess the damages. The statute providing for the assignment of breaches in actions of debt on bonds for the performance of covenants, is for the benefit of the defendants, to save them from the payment of more than is equitably due, or from the expense and trouble of an application to a court of equity. (1 *Tidd*, 510. *Jac. Law Dict. tit. Bond*.) But the plaintiff further claims to sustain his *scire facias* on the ground that he has a common law right to a *scire facias* on a judgment ; and that it is co-extensive with an action of debt, on judgment, and like an action of debt may be brought at any time ; as well within the time for issuing execution as afterwards. We do not understand that a *scire facias* to revive or have execution of a judgment, is a common law writ. By the common law, if execution was not sued out within a year and a day, after perfecting judgment, the judgment was presumed to be satisfied, or execution released ; and to overcome this presumption, the party was compelled to resort to his action on the judgment. A *scire facias* appears to have been first given by the Stat. W. 2, (13 *Edw.* 1, *ch.* 45,) to obvi-

ate the necessity of suing over judgments after the time for issuing executions had expired. (*Coke Lit. fol. ed. fol.* 290; § 505. 3 *Coke's Inst. by Thomas*, 524, 5. 3 *Black. Com.* 421. *Jac. L. Dic. tit. Scire Facias.* 8 *Serg. & Rawle's Rep.* 376.)

Our old statutes on this subject refer to the statute of W. 2. And the 34th section of the act for giving further remedy, and regulating the process and proceedings in assizes and other actions, passed 12th March, 1787, (1 *Gr. Laws*, 405,) after reciting in substance that judgments and decrees of courts of record ought not to be made the subject of new suits, provides that henceforth such things as are enrolled or recorded in courts of record shall have such force, that the party at any time within a year after the same are or shall be had, levied or acknowledged, shall have a writ of execution of the same. And when the time for issuing execution is past, he may have a *scire facias* against the defendant, to show why he should not have execution. This statute, in the same language, is continued through all the revisions of the statutes to the *R. L. of* 1813, *p.* 89, § 34. And the same principle is contained in the revision of 1830. (2 *R. S.* 576.) By which it is provided, that whenever an execution shall *not have been issued within the time allowed by law,* (two years,) *after the filing and recording of any judgment,* the plaintiff in such judgment may sue out a *scire facias,* &c. From these statutes it appears that they do not give a *scire facias* to have execution of a judgment until the time prescribed for issuing an execution without a *scire facias* is passed. We are therefore of opinion that the plaintiff cannot sustain his *scire facias* on either of the grounds assumed by him; and that the defendant must have judgment on his demurrer. But to save the plaintiff's rights under his judgment, we give him leave to amend or discontinue his *scire facias,* on payment of costs.