New York Guaranty and Indemnity Co. agt. Gleason *et al.*

## N. Y. SUPERIOR COURT.

NEW YORK GUARANTY AND INDEMNITY COMPANY agt. VALENTINE GLEASON *et al.*

*Imprisoned debtor — Application for discharge — good cause why should not be granted.*

No execution against the body of any party shall issue while there is an execution against his property not returned. The official return of an execution against property, unsatisfied in whole or in part, is a condition precedent to final process against the person.

Where it appears that the applicants were arrested on June 5, 1875, that judgment against them and their co-defendants was entered January 8, 1876, and execution against property was thereupon issued, which is still outstanding; that plaintiff has endeavored to procure the return of such execution by a rule against the late sheriff to whom it was issued, but that the motion was denied on the ground that a warrant of attachment was issued in the action on the 1st of November, 1873 and levied on property that appeared to belong to defendants or some of them; that, prior to the receipt of such warrant by the sheriff, he had levied upon the same property under and by virtue of other warrants of attachment issued against the said defendants or some of them, in actions which are still pending and at issue, but which have not yet been brought to trial; and that until the validity and effect of such prior attachments have been ascertained and determined by the rendition of judgments in such other actions, it cannot be known whether the proceeds of the property attached, or any part thereof, will be applicable to the execution herein.

*Held,* that such a state of facts is "good cause shown" within the meaning of the statute, why the defendants should not be discharged from custody on account of the plaintiff's neglect to charge him in execution within three months after the entry of judgment.

The mere omission to issue execution against the person within the time limited does not constitute the condition upon which the exercise of the power to discharge an imprisoned debtor from custody depends. To warrant the invocation of such power, or its interposition, there must have been a *negligent* omission to issue such execution. There can be no possibility of *neglecting* to do that which cannot be done.

*Special Term, June,* 1877.

New York Guaranty and Indemnity Co. agt. Gleason *et al.*

APPLICATION by the defendants, judgment debtors, in actual custody under the order of arrest, for their discharge from imprisonment pursuant to section 288 of the Code, on the ground that the plaintiff has neglected to issue execution against the persons of such defendants for more than three months since the entry of judgment.

*Arnold Elliott & White,* for plaintiff; *R. C. Elliott,* of counsel.

Code, section 288, provides for the execution against the person after the return of an execution against the property unsatisfied, in whole or in part. And the same section provides for the present motion for a discharge, &c., unless good cause to the contrary be shown. Execution against the property must first be returned (*Hutchins* agt. *Brand,* 5 *Seld.* [9 *N. Y.*], *p.* 208; *Fake* agt. *Edgerton,* 3 *Abb. Pr., p.* 229). It is irregular to issue an execution against the body before the execution against the property is returned (*Hall* agt. *Ayer,* 19 *How. Pr., p.* 92). In Whittaker's Practice (3*d ed., volume* 2, *page* 649), he says there can be no question that in all cases the fact of the issuing and return of a previous execution ought to appear upon the face of the process. The statute (2 *R. S.,* 556, *secs.* 36 *and* 37 [*Banks'* 5*th ed., vol.* 3, *pp.* 870, 871, *secs.* 38 *and* 39]) provides, that if defendant is in custody plaintiff shall charge him within three months; or if execution against the property shall have been issued within three months after the return of such execution, and if plaintiff neglect defendant may be discharged, unless good cause to the contrary be shown. And the statute (2 *R. S.,* 364, *secs.* 4 *and* 5 [*Banks' 5th ed., vol.* 3, *p.* 643]) provides (*sec.* 5), "if defendant be imprisoned on execution in another case, or upon process in the same action, &c., an execution may issue against his body without any previous execution against his property." And section 6 provides, that execution against the body or against the property may issue at the same time to sheriffs of

different counties, but no execution against the body of any party shall issue while there is an execution against his property not returned; nor shall execution against his property issue while execution against his body is unreturned, unless by order of the court. Section 291 of the Code provides that the existing provisions of law not in conflict with that chapter relating to executions, &c. (*chapter* 1 *of title* 9, *which relates to executions*), shall apply to the executions prescribed by that chapter. And any provisions in that article not consistent with the provisions of the Code, must give way to the same. The application should be denied.

*A. H. Purdy*, for defendants; *Vedder Van Dyck*, of counsel.

SANFORD, *J.* — Separate applications are made, in this case, on behalf of the defendants Valentine Gleason and Andrew L. Roberts, judgment debtors in actual custody, under an order of arrest, for their discharge from imprisonment pursuant to section 288 of the Code, on the ground that the plaintiff has neglected to issue execution against the persons of such defendants for more than three months since the entry of judgment.

Under the provisions of this section, the defendants are not entitled to their discharge, unless (1) there has been *laches* on the part of the plaintiff in not charging them in execution within the specified period; nor even then if (2) "good cause to the contrary be shown." It will be observed that the mere omission to issue execution against the person within the time limited does not constitute the condition upon which the exercise of the power to discharge from custody depends. To warrant the invocation of such power, or its interposition, there must have been a *negligent* omission to issue such execution. The language of the statute is, "if the plaintiff *shall neglect* to enter judgment in the action, within one month *after it is in his power to do so*, or *shall neglect* to

issue execution against the person of such defendant within three months after the entry of judgment, such defendant may, on his motion, be discharged from custody *  .*  * unless a good cause to the contrary be shown." To neglect and to omit are not synonymous terms. There may be an omission to perform an act or condition which is altogether involuntary and inevitable; but neglect to perform must be either voluntary or inadvertent. To neglect is "to omit by carelessness or design" (*Webster's Dictionary*), not from necessity, and there can, therefore, be no possibility of *neglecting* to do that which cannot be done.

It appears in this case that the applicants were arrested on the 5th of June, 1875; that judgment against them and their co-defendants was entered January 8, 1876, for $91,015.35. That execution against property was thereupon issued, which is still outstanding; that the plaintiff has endeavored to procure the return of such execution, by a rule against the late sheriff to whom it was issued, but that the motion was denied on the ground that a warrant of attachment was issued in this action, on the 1st November, 1873, and levied on property that appeared to belong to the defendants or some of them; that, prior to the receipt of such warrant by the sheriff, he had levied upon the same property under and by virtue of other warrants of attachments issued against the said defendants or some of them, in actions which are still pending and at issue, but which have not yet been brought to trial; and that, until the validity and effect of such prior attachments have been ascertained and determined by the rendition of judgments in such other actions, it cannot be known whether the proceeds of the property attached, or any part thereof, will be applicable to the execution issued herein.

The section of the Code now under consideration impliedly prohibits the issue of an execution against the person of a judgment debtor, while an execution against his property is outstanding, and authorizes the more stringent remedy, only when the more lenient one has proved ineffective. The

New York Guaranty and Indemnity Co. agt. Gleason *et al.*

official return of an execution against property unsatisfied in whole or in part, is thus made a condition precedent to final process against the person.

*Of* course, the plaintiff has no control over such other actions, and cannot intervene to procure their trial or dismissal. The defendants may bring them on, or may apply for a dismissal thereof for want of prosecution, whenever they see fit.

Under these circumstances, it cannot be claimed that the plaintiff has been guilty of laches in not charging the defendants in execution within three months after the entry of judgment. No neglect can be imputed to the plaintiff in omitting to do that which cannot be done. There can be no default in law where the law prohibited performance (*The People* agt. *Bartlett*, 3 *Hill*, 571 ; *People* agt. *Tubbs*, 37 *N. Y.*, 586).

But the right of the judgment debtor to his discharge, even in case of laches on the part of the plaintiff, is not absolute. In such cases, he "may * * * be discharged from custody by the court, * * * unless good cause to the contrary be shown."

In an analogous case (*Desisles* agt. *Cline*, 4 *Robt.*, 645), this court, at special term, on a similar application, made under 2 Revised Statutes, 556, sections 36, 37, held plaintiff's ignorance of the fact that defendant had been surrendered by his bail to be "good cause," within the meaning of the statute, against the defendant's discharge from custody by *supersedeas*, on account of the plaintiff's neglect to charge him in execution within three months after such surrender. As it was within the power of the plaintiff so to charge the defendant, and as the defendant was entitled to get the benefit of various relieving acts, the court, in that case, made an alternative order requiring execution to be issued against defendant's person within ten days, or that a *supersedeas* be allowed (*See, also, Minturn* agt. *Phelps* 3 *J. R.*, 446).

It is urged that, by waiving the attachment issued herein,

New York Guaranty and Indemnity Co. agt. Gleason *et al.*

the plaintiff might have enabled the sheriff to return the execution against property, but that, by insisting thereon, the plaintiff became responsible for the delay, and should be estopped from taking advantage of an obstacle interposed by itself. But the exhaustion of the legal remedy against his property, before a resort to final process against his person, seems to have been imposed by the legislature as a condition in the interest of the judgment debtor; and the corresponding right to exhaust such remedy, without prejudice to preliminary process, before issuing final process against the person, must have been intended to be conferred upon the creditor. The object of the statute in allowing a *supersedeas* was, doubtless, to compel an election between the body and the goods of the defendant; but the fact that an exhaustion of the legal remedy against property is a condition precedent to the remedy against the person, seems to be conclusive against requiring such election to be made before the legal remedy against property has been fully exhausted. It cannot be deemed to have been exhausted while the lien of an attachment, to which an execution against property relates, remains unenforced. The existence of such a lien, the inability of the plaintiff to secure its immediate enforcement, and the necessity of its abandonment in order to secure the return of an execution against property, and the consequent right of resort to final process against the person, within three months after the entry of judgment, seem to me to be " good cause" for denying the defendants' motion for their discharge from custody.

Each motion must, therefore, be denied, with ten dollars costs.