## CARRIGAN *v.* WASHBURN.

### (*City Court of New York, Special Term.* July 23, 1888.)

EXECUTION AGAINST THE PERSON—VACATING ORDER OF ARREST.

Plaintiff, in an action on a note, obtained an order of arrest, which was afterwards dissolved because the complaint was insufficient to sustain it. An averment was thereupon added to the complaint that defendant was guilty of fraud in contracting the debt. *Held*, that the action, being still based on the note, remained *ex contractu;* and under Code Civil Proc. N. Y. § 1487, which confines the right to a body execution in an action *ex contractu* to a case where an order of arrest was obtained and executed, and remains unvacated, a new order of arrest was necessary to authorize a body execution.

On motion to vacate execution against the person.

Action on a promissory note, brought by G. Carrigan against H. L. Washburn.

*W. L. Vanderzee,* for motion. *Harrison & Langdon,* opposed.

PITSHKE, J. The parties undoubtedly can by consent defer the issuance of a body execution, without prejudice to any existing right to arrest; and the giving and acceptance of notes to pay the judgment may, even without express agreement, amount to such an arrangement, although the same would not wipe out the judgment debt, without a satisfaction piece or release. *Insurance Co.* v. *Church,* 81 N. Y. 221. And the non-payment of either of such

notes, and the judgment debtor's procrastination and unfulfilled promises, might, though the body execution issued more than three months after the entry of judgment, be sufficient reasonable cause shown why the application for a *supersedeas* should not be granted, since section 572, Code Civil Proc., permits the court to excuse the delay in issuing such body execution. *De Silva* v. *Holden*, 11 Civ. Proc. R. 406; *Indemnity Co.* v. *Gleason*, 53 How. Pr. 122. The creditor could, however, be compelled to procure and cancel the notes as a condition of retaining his body execution, inasmuch as a creditor cannot succeed on an original debt till production and cancellation of the notes received therefor. *Holmes* v. *D' Camp*, 1 Johns. 34; *Angel* v. *Felton*, 8 Johns. 115; *Burdick* v. *Green*, 15 Johns. 247. But passing these facts, and without deciding thereon, I find the body execution issued was void *ab initio*. The action, as appears from the original complaint served, was commenced *ex contractu*, for simply the amount of a promissory note, and such original complaint embodied no tort allegations for an arrest of the defendant. The plaintiff's right to arrest defendant, hence, did not depend upon the nature of the action, but upon extraneous grounds. Accordingly the plaintiff obtained an order of arrest on allegations and proofs *dehors* the record, which was afterwards vacated, because the complaint was insufficient under section 549, Code Civil Proc. The subsequent adding herein to plaintiff's complaint of an averment that the defendant was guilty of a fraud in contracting the liability sued on, to-wit, in obtaining the sum of money for which said promissory note in suit was given, or inducing the purchase of said note, did not change the nature of the action. *Hitchcock* v. *Baere*, 17 Hun, 605; *Robertson* v. *Robertson*, 9 Daly, 53–56. The original obligation is not rescinded, but sued on, and affirmed. *Benedict* v. *Bank*, 4 Daly, 171. A new order of arrest (*Meucci* v. *Raudnitz*, 20 Hun, 343) was necessary to support and allow a body execution herein, under the improved complaint embracing the added allegations required by said section 549, subd. 4, and there characterized as made in an action upon contract, express or implied. Thereafter the case was not a suit for damages, but still *ex contractu*. This body execution was issued in 1888. Since the Code amendments of 1886 to section 549, leaving only *ne exeat* cases in section 550, every kind of action (excepting *ne exeat* cases) must have its complaint embrace the grounds for the order of arrest desired, so as to avoid incarceration continuing under an attorney's subsequent *ca. sa.*, based upon a hearing on affidavits merely, in cases where the cause itself is not in its nature in tort. This innovation was intended as a safeguard for defendants, but not as an extension of the attorney's absolute right to issue body executions; for section 1487 retains the distinction between *ex delicto* and *ex contractu* cases, and in the latter confines the right to a body execution to those cases where an order of arrest was obtained and executed against defendant, and remains unvacated. The original order of arrest herein (after being executed against defendant) having been vacated when said body execution herein was issued by the attorney, as appears from the records on file in this court, such intended execution against the person was unauthorized, and a nullity. Section 1487, Code Civil Proc. Motion should be granted, with $10 costs, but with a stay of proceedings on the order in case of an appeal forthwith, as the question is one of great importance, and defendant being out of the limits, and not in custody.