LIEDERMAN v. ROVNER.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.) .

1. FORECLOSURE OF LIEN ON PERSONAL PROPERTY—EXECUTION AGAINST DEFENDANT'S PERSON.

Municipal Court Act, § 140 (Laws 1902, p. 1486, c. 580), provides that a warrant of arrest may issue in an action to foreclose a lien on personal property, providing the defendant has willfully and maliciously disposed of or concealed the property. Section 20 makes the provisions of the Code of Civil Procedure applicable to the Municipal Court so far as they are not in conflict with the Municipal Court act. Code Civ. Proc. § 1487, provides that a judgment may be enforced by execution against the person of the judgment debtor where plaintiff's right to arrest defendant depends on the nature of the action, and in any other case where an order of arrest has been granted and executed in the action. *Held*, that in an action to foreclose a lien on personal property, plaintiff was not entitled to an execution against the person of defendant, no order of arrest having been issued.

Appeal from Municipal Court of City of New York.

Action by Morris B. Liederman against William Rovner to foreclose a lien on personal property. Judgment for plaintiff, and from so much thereof as directs execution against defendant's person defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Louis Levene, for appellant. ·

Abraham B. Schleimer, for respondent.

HOOKER, J. This action was brought in the Municipal Court of the city of New York to foreclose a lien on personal property, and the verbal complaint contained an allegation that the defendant had willfully and maliciously disposed of the property. A judgment was entered in plaintiff's favor, directing a foreclosure of the lien, and that, if the property be not produced and made readily available to levy, an execution against the person issue. The defendant appeals from so much of the judgment as relates to the execution against the person.

The parties had entered into a written contract of conditional sale of the property, the lien upon which is sought to be foreclosed; and no order of arrest had been issued. The plaintiff established the allegation in the complaint that he had a lien, proved its amount and nonpayment, and the allegation that the defendant had willfully disposed of the property. At the time of the commencement of the action the defendant was in default $47, had pawned the property, and sold the pawn ticket. Section 140 of the Municipal Court act (chapter 580, p. 1486, Laws 1902) provides that:

"In an action of foreclosure, as provided in the last section, the plaintiff may allege that the defendant wilfully or maliciously disposed of or concealed the property or a part thereof, covered by the instrument on which suit is instituted, in which case the court may grant an order of arrest in the manner provided in article one of this title, and upon such allegation being proved on the trial, execution against the person shall issue, if the provisions of this act relating to indorsement upon the summons have been complied with, unless the property awarded by the judgment is produced by the defendant to satisfy the execution and levy, when made as provided in this article."

This is an action of foreclosure as provided in section 139, to which reference is there made, and the summons bore the proper indorsement. By the provisions of section 140 of the Municipal Court act, a warrant of arrest may issue providing the defendant has willfully and maliciously disposed of or concealed the property, or a part thereof. The provisions of the Code of Civil Procedure, as they may be from time to time, are made applicable to the Municipal Court so far as may be, and so far as they are not in conflict with the provisions of the Municipal Court act. · Municipal Court Act, § 20. Section 1487 of the Code provides that a judgment may be enforced by execution against the person of the judgment debtor, in either of the following cases: "(1) Where the plaintiff's right to arrest the defendant depends upon the nature of the action. (2) In any other case, where an order of arrest has been granted and executed in

the action." It is nowhere intimated in the Code of Civil Procedure, or in any part of the body of our law, that an action to foreclose a lien upon personal property is such as, from its nature, entitles plaintiff to arrest the defendant, and the provisions of section 140 of the Municipal Court act relating to arrest must be deemed to entitle the plaintiff to such process "depending partly upon extrinsic facts." Code Civ. Proc. § 550. Under the authority, therefore, of section 1487 of the Code, there having been no order of arrest issued in this case, plaintiff is not entitled to an execution against the person. Ætna Insurance Co. v. Shuler, 28 Hun, 338; Carrigan v. Washburn, 14 N. Y. Civ. Proc. R. 350, 2 N. Y. Supp. 616.

That portion of the judgment appealed from must, therefore, be reversed, with costs. All concur.