TOWN OF HADLEY v. GARNER et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. OFFICERS—ACTION ON OFFICIAL BOND—PARTIES.
    An action on an official undertaking, in form joint and several, may be brought against the sureties alone, without joining the officer.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Officers, § 244.]

2. HIGHWAYS—BONDS OF OFFICERS—ACTION—COMPLAINT.
    The complaint, in an action by the town of H. on an official undertaking reciting that "C., of the town of H.," has been "duly elected commissioner of highways," is sufficient, though the undertaking does not state in express terms of what town he was so elected, and the complaint does not allege that plaintiff is the obligee—Town Law, Laws 1890, p. 1219, c. 569, § 50, making only electors of a town eligible to a town office; section 63, prescribing the form of the undertaking, not providing that it shall run to any obligee, but providing that it is to be "approved by the supervisor of his town"; the undertaking in question bearing the approval of plaintiff's supervisor; and the complaint, after alleging that plaintiff is a municipal corporation, stating that C. was duly elected commissioner of highways thereof.

3. SAME—DEMAND AS CONDITION TO ACTION.

There being no condition in the official bond of a highway commissioner that demand be made on the principal before commencement of an action thereon, no demand is necessary; Town Law, Laws 1890, p. 1223, c. 569, § 84, providing only for a demand on a retiring officer before his successor proceeds against him for the books and papers of the office.

4. OFFICERS—BONDS—BREACH—PLEADING.

Breach of an official undertaking annexed to a complaint is sufficiently pleaded, as against a demurrer, by negativing the language of the condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Officers, § 245.]

5. HIGHWAYS—BONDS OF OFFICERS—ACTIONS—COMPLAINT.

The allegation of the complaint, in an action on the bond of a highway commissioner of a town,. that he did not, after expiration of his term, pay over to his successor all moneys remaining in his hands, to the damage of the town in the sum of $700, is equivalent to alleging that he had received moneys, had them in his hands after expiration of his term, and failed to pay them over.

6. PLEADING—INDEFINITENESS—DEMURRER.

₀ A complaint is not demurrable merely because it could well be more specific; the remedy being by motion to make it more definite and certain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 409.]

Appeal from Special Term, Saratoga County.

Action by the Town of Hadley against William T. Garner and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. A. Kellogg, for appellant.
Fred. B. Bradley, for respondents.

CHESTER, J. The defendants have demurred to the complaint for a defect in parties defendants and for insufficiency. The action is against the sureties on an official undertaking. We agree with the learned trial justice that it was not necessary to join the commissioner of highways as a party defendant with the defendants who executed the undertaking as his sureties. The undertaking given is in form joint and several, and for that reason alone it was proper to bring the action against the sureties, without joining the commissioner as a party.

We are unable, however, to agree with the conclusion of the trial court in holding that this complaint does not state facts sufficient to constitute a cause of action. The undertaking in question recites that John Cowles, of the town of Hadley, in the county of Saratoga, and state of New York, was on the 7th day of March, 1889, duly elected commissioner of highways. It does not state, however, in express terms of what town he was so elected. It is urged that the omission to state that in the undertaking, and to allege in the complaint that the plaintiff is the obligee, is fatal. It is true that there is no obligee mentioned in the undertaking; but the provisions of section 63 of the town law (Laws 1890, p. 1221, c. 569), prescribing the form of the undertaking and under which it was given, do not provide in so many words that it shall run to the town, or to its supervisor, or to any other obligee in form. It provides, however, that it is to "be approved by the su-

pervisor of his town." The undertaking in question bears the approval of the supervisor of the town of Hadley, and in the complaint, after alleging that the plaintiff is a municipal corporation, it is alleged "that on the 7th day of March, 1899, one John Cowles was duly elected commissioner of highways of said town, and that as such commissioner he duly gave a written undertaking as required by law, the sureties in which undertaking were the above-named defendants, and which undertaking was duly acknowledged, executed, and delivered by them to the supervisor of said town, who thereupon duly approved of the same as required by law, and the same was on the 13th day of March, 1899, duly filed in the town clerk's office of the town of Hadley," and a copy of the undertaking is annexed to the complaint. While the undertaking does not in form run to any specific obligee, and it is not therein stated what town Cowles was elected commissioner of highways of, yet it is therein stated that "John Cowles, of the town of Hadley," has been "duly elected commissioner of highways," and as Town Law, Laws 1890, p. 1219, c. 569, § 50, makes only electors of the town, who must, of course, be residents thereof, eligible to a town office, it follows that Cowles could not have been duly elected commissioner of highways of any other town. I cannot agree that an omission to state in express terms in the undertaking that he was elected commissioner of highways of the town of Hadley is a fatal defect in this complaint, when not only the fair, but the necessary, inference from the language of the undertaking, is that it was given to secure the faithful performance of his duties as commissioner of highways of that town, and when such defect, if it is one, is supplemented by the allegations of the complaint that he was duly elected commissioner of highways of said town, and that the undertaking was delivered to and duly approved by the supervisor of such town and filed in the office of the town clerk thereof.

The complaint is also criticised because there is no allegation therein of any demand upon Cowles by his successor in office for the records, books, and papers belonging to such office, as required by section 84 of the town law. But that section has reference to a proceeding against an outgoing officer by his successor to procure a delivery to the latter of the books and papers of the office, while this is not such a proceeding, but an action upon an official undertaking for an alleged breach thereof. Here there is no condition in the undertaking requiring a demand upon the principal before commencing an action for breach thereof, and hence no demand was necessary. 2 Cyc. 947, and cases cited.

It is further urged that the complaint is insufficient, because conclusions only have been alleged with respect to the breach of the undertaking. A copy of the undertaking is annexed to the complaint, and the breach is therein alleged by negativing the language of the condition. While this form of pleading is not to be commended, we think it will stand the test of sufficiency upon a demurrer. It has been so held in some early cases. Albany Dutch Church v. Vedder, 14 Wend. 166; Smith v. Jansen, 8 Johns. 111; Hughes v. Smith, 5 Johns. 168. The point of these cases seems to be that, when simply negativing the condition of the bond necessarily shows a breach, it is sufficient. See, also, 3 Enc. of Pl. & Pr. 656. Here, after alleging the expiration of Cowles' term of office and the election and qualification of his successor

more than 10 days before the commencement of the action, it is alleged that said John Cowles "did not faithfully discharge his duties as such commissioner of highways, and did not within 10 days, or at any other time, after the expiration of his term of office, pay over to his successor all moneys remaining in his hands as such commissioner, and did not render to such successor a true account of all moneys received and paid out by him as such commissioner, to the damage of the plaintiff, the town of Hadley, in the sum of seven hundred dollars ($700)." The allegation that Cowles did not within the time above specified pay over to his successor all moneys remaining in his hands as such commissioner is equivalent to saying that he had received moneys, that he had them in his hands after the expiration of his term of office, and that he had failed to pay them over within the time stated. It is further alleged that the damage to the town of Hadley by the breach alleged was $700. While this complaint could well be more specific, we think that the remedy of the defendants for such defect was to move to make it more definite and certain, and that, bearing in mind the rule that upon demurrer all fair and reasonable inferences are to be indulged in to support the pleading (Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384), a cause of action is stated in this complaint.

The interlocutory judgment should be reversed, with costs, and demurrer overruled, with costs, with usual leave to the defendants to plead upon the payment of such costs. All concur.