SAMUEL BINGHAM et al., as Administrators, etc., Respondents, *v.* THE MARINE NATIONAL BANK OF THE CITY OF NEW YORK et al., Appellants.

In an action brought by plaintiffs, as administrators, the complaint alleged the death of M., plaintiffs' intestate, the issuing to them of letters of administration upon his estate in Connecticut, where he at that time resided, and the subsequent issuing of ancillary letters to them by the surrogate of the city and county of New York; that as such administrators they deposited with defendant $50,000, for which they received a certificate of deposit signed by F., defendant's cashier, and payable to their order, as administrators, on surrender, with interest. The certificate when produced on trial bore the general and unrestricted indorsements of the payees. *Held*, that while the contract represented by the certificate could have been enforced by plaintiffs in their names as individuals, by seeking to do so in their representative capacity they imposed no hardship upon and impaired no remedy of defendant; that the certificate was good, either as the property of the plaintiffs as individuals, or as administrators under the letters issued in New York; that whether the description of the person be rejected as surplusage or retained, it was in no manner important; and, therefore, the bringing of the action by plaintiffs, as administrators, was no bar to a recovery.

(Argued December 14, 1888; decided January 15, 1889.)

· APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 30, 1886, which affirmed a judgment in favor of plaintiffs entered upon a verdict and denied a motion for a new trial.

The following is the *mem.* of opinion.

" The complaint herein alleged that one George S. Moulton died intestate on the 8th of June, 1882; that letters of administration upon his estate were duly issued to them in Connecticut, where he resided at the time, and subsequently

ancillary letters were granted to the plaintiffs by the surrogate of the city and county of New York; that they, as such administrators, deposited with the Marine Bank of the city of New York $50,000, and received a certificate therefor, payable to the order of themselves on the surrender of the certificate, with interest at the rate of four per cent per annum.

"After the case was opened by plaintiffs' counsel, defendant's counsel moved to dismiss the complaint on the ground that the action was brought by plaintiffs as administrators appointed by the surrogate of New York. The motion was denied and the defendant excepted. The plaintiffs then put in evidence the certificate of deposit in these words:

### 'THE MARINE NATIONAL BANK.

'NEW YORK, *Nov.* 14, 1883.

'Samuel Bingham and Caroline F. Moulton, admrs. of estate of Geo. S. Moulton, have deposited with this bank, fifty thousand dollars, payable to the order of themselves on the surrender of this certificate, with interest at the rate of 4 per cent per annum, provided the deposit is not withdrawn within three days.

Amount of deposit........... ........ $50,000
— days int. at — per cent................   ———
     Total........................   ———

'JOHN D. FISH,
'Indorsed :                         ' *Cashier.*'
     'SAMUEL BINGHAM,
     'CAROLINE F. MOULTON,
          '*Admrs. Estate George S. Moulton.*'

"And also the letters of administration issued by the surrogate of the city and county of New York, and by the court in Connecticut, and rested.

"The defendant's counsel renewed the motion to dismiss, upon the ground previously stated, which was denied.

"The court say as to this point that it seems rather formal than substantial. The certificate of deposit describes the parties contracting with the bank as administrators; the contract represented by it came from their dealing with money

of the estate, and might have been enforced in their names as individuals, but by seeking to do so, with the addition of their representative character, they lose no right and impose no hardship upon, as they impair no remedy of, the defendant. Had the plaintiffs been defeated in the action they would have been liable as individuals for the defendant's costs. (*Buckland* v. *Gallup*, 105 N. Y. 453.) Moreover, the letters issued in New York were ancillary, or in aid of the letters of administration issued in Connecticut (Code Civ. Pro. § 2696), and the rights and powers of persons named therein were, for all purposes in question here, the same as those of administrators under general letters issued in this state. (Code Civ. Pro. § 2762.) If, therefore, the plaintiffs are regarded in their different capacities as different persons, no other result could be reached. The certificate of deposit, when produced upon the trial, bore the general and unrestricted indorsements of the payees. It was good, therefore, either as the property of the plaintiffs as individuals or administrators under the letters issued in New York. However sued, the money recovered would belong to the estate, and whether the description of the person be rejected as surplusage, or retained, could in no manner be important.

" The other points presented in the case were as to the rejection of evidence offered by defendant, and as to the weight of the evidence to sustain the defense which was, in substance, that no moneys were, in fact, deposited with defendant, but that the certificate was issued in pursuance of a fraudulent arrangement between one of the plaintiffs and defendant's cashier. The first point presented nothing of general interest; as to the second the court held that the testimony was sufficient to authorize the submission of the question to the jury."

*Charles E. Miller* for appellants.

*Simon Sterne* for respondents.

DANFORTH, J., reads for affirmance.
All concur, except PECKHAM, J., not sitting.
Judgment affirmed.