SPIES v. MICHELSEN.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. PLEADING—CONSTRUCTION ON MOTION TO DISMISS.
    On a motion to dismiss an action on the ground that the complaint does not state facts sufficient to constitute a cause of action, as on demurrer, the pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment.

2. SAME—ACTION BY EXECUTRIX.
    A promise made to an executor to pay a debt due the estate may be enforced by the executor, either individually or in his representative capacity, and an allegation in a complaint, filed by plaintiff as executrix, that, on an accounting between defendant and herself as executrix, defendant was found indebted to her as executrix, states a good cause of action for the recovery of the amount in favor of plaintiff in her representative capacity, being by fair intendment a statement of an indebtedness to the estate.

Appeal from common pleas, city and county of New York.

Action by Amelia L. Spies, as executrix of the will of Francis Spies, deceased, against Heinrich Michelsen. From a judgment of dismisssal on a trial before a jury, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James Harold Warner, for appellant.
Hamilton R. Squier, for respondent.

INGRAHAM, J. The court dismissed the complaint in this action upon the pleadings, the motion being upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The court seems to have granted the motion upon the proposition that counsel who places a cause upon the short-cause calendar should at least have his complaint explicit, and leave no room for doubt as to its meaning. The only question is as to whether or not the complaint alleges a good cause of action in favor of the plaintiff against the defendant. The question presented is the same as upon a demurrer to the complaint on the ground that the

same does not state facts sufficient to constitute a cause of action. Upon such a motion, the complaint will be deemed sufficient whenever the requisite allegations can be fairly stated from all the averments, although the statement of them may be argumentative, and the pleadings deficient in logical order and in technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated.   See Sage v. Culver, 147 N. Y. 245, 41 N. E. 513.

Assuming that the cause was brought by the plaintiff in a representative capacity, as executrix of the estate of Francis Spies, deceased, we have to determine whether or not any cause of action is alleged in favor of the estate.   The action is brought upon the ground stated, between the plaintiff as executrix and the defendant.   It seems to be settled that a promise made to an executor to pay a debt due to the decedent can be enforced by the executor, either individually or in his representative capacity.   The case of Bingham v. Bank, 41 Hun, 378, affirmed by court of appeals in 112 N. Y. 661, 19 N. E. 416, is ample authority for that proposition. That was an action to recover upon a certificate of deposit, payable to the order of the plaintiffs as administrators of the estate of Moulton, and it was held that plaintiffs were at liberty, therefore, either to bring the action in their own names as individuals, or as representatives of the estate.   On appeal to the court of appeals the court say:

"If, therefore, the plaintiffs are regarded in their different capacities as different persons, no other result could be reached.  The certificate of deposit, when produced upon the trial, bore the general and unrestricted indorsement of the payees.  It was good, therefore, either as the property of the plaintiffs as individuals, or as administrators, under the letters issued in New York.  However sued, the money recovered would belong to the estate, and whether the description of the person be rejected as surplusage, or retained, could in no manner be important."

The question is whether the facts stated in this complaint, including those that could be implied from the allegations by reasonable and fair intendment, allege a cause of action in favor of the estate of which the plaintiff is executrix.   The material allegations, after alleging the appointment of plaintiff as executrix, are that the testator, before his death, was a merchant doing business in New York;  that he died on the 21st day of June, 1893;  that, on or about the 1st day of August, 1893, the plaintiff, as executrix aforesaid, and the defendant, Heinrich Michelsen, came to an accounting;  that, at such accounting, defendant was found to be indebted to the plaintiff, as executrix, in the sum of $4,334.33, upon an open account for advances, interest, and merchandise, which amount defendant promised to pay;  and that there is now due and owing to the plaintiff, as executrix of the said last will and testament, the said sum and interest.   It seems to us that this can be fairly said to be an allegation that the open account was one existing between plaintiff's testator and the defendant at the time of the testator's death, and that the promise that was made to the

plaintiff as executrix was a promise to pay the balance of that account existing in favor of the plaintiff's testator against the defendant. The accounting was alleged to be between plaintiff as executrix and defendant, that on such accounting the defendant was found to be indebted to the plaintiff as executrix, and that there is now due and owing to the plaintiff as executrix a sum of money. If the contract had been an individual one between the plaintiff and the defendant, an accounting would have been between the plaintiff individually and defendant, and not between plaintiff as executrix and defendant. The fair intendment of this allegation is, we think, that the account that existed was one that existed between the estate of which plaintiff was the representative and the defendant, and not an accounting in which the defendant was indebted to the plaintiff individually, and that promise, having been made upon such an accounting, was a promise to pay to the estate which, under the authority above cited, the plaintiff could enforce in her representative capacity as against the defendant.

No question is here presented as to the right of this defendant to offset any judgment that he should have, either as against the plaintiff individually, or as against the estate of which plaintiff is the representative. There can be no doubt that, had the complaint alleged that the defendant was indebted to the plaintiff's testator at the time of his death, to any amount, upon an open account, and that, subsequent to the death, on an accounting as between the plaintiff, as executrix, and the defendant, the sum named had been found to be due, which the defendant had promised to pay, the plaintiff could have maintained this action in her representative capacity; and that, we think, can be said to be fairly alleged in the complaint as it stands.

We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.