MULREIN v. SMILLIE et al.

(Supreme Court, Appellate Division, Second Department.  January 11, 1898.)

TRUSTS—REPAIRS TO TRUST PROPERTY—LIABILITY OF ESTATE.
     In an action to charge upon a trust estate the expense of repairs made by plaintiff upon the trust property under a contract with the trustees, who hold under a will making no provision for repairs, the omission to allege in the complaint an agreement between the parties that the expense in question should be a charge on the estate constituted a fatal defect.

Appeal from special term, Dutchess county.

Action by James Mulrein against Charles F. Smillie and James D. Smillie, as executors and trustees under the last will of James Smillie, deceased.  From an interlocutory judgment overruling a demurrer to the complaint, which demurrer was based on the ground that it did not sustain a cause of action, defendants appeal.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

John A. Garver, for appellants.
K. J. Lawler, for respondent.

WILLARD BARTLETT, J.  The complaint alleges that James Smillie in his lifetime was the owner of a certain house and lot, known as "No. 25 Garfield Place," in the city of Poughkeepsie; that the said James Smillie died in 1885, leaving a last will and testament, in which the defendants were named as executors and trustees; that such will was duly admitted to probate, and the defendants duly qualified as executors and trustees, and have continued to act as such down to the present time; that between July 12, 1895, and March 3, 1896, the plaintiff, at the request of the defendants, rendered services to them, as executors and trustees as aforesaid, "in constructing and preparing the plumbing on the property at No. 25 Garfield Place, in the city of Poughkeepsie, held by said defendants as executors and trustees under the last will and testament of said James Smillie, deceased," and furnished materials therefor, for which said defendants agreed to pay; that the fair value of such services and materials is $371.08; and that the plaintiff has demanded from the defendants payment of said sum, but no part thereof has been paid.  A copy of the will of James Smillie is attached to the complaint, and made a part thereof.  By the first article the testator devises and bequeaths all his estate to his executors in trust for the uses and purposes subsequently mentioned in the will.  By the second article he orders and directs that the said

trustees apply the rents and profits of the lot of land known as "No. 25 Garfield Place," in the city of Poughkeepsie, together with the rents and profits of all the buildings thereon, to the use of his daughter, Mary S. Throop, during her lifetime. Upon her decease the trustees are directed to grant and convey the said premises to the lineal descendants of the daughter, or to certain other persons if she leaves no lineal descendants. The further provisions of the will are not material to the present controversy.

The learned judge at special term thought that the facts set out in the complaint were sufficient to render the estate of James Smillie liable for the value of the plaintiff's services, because the defendants, as executors and trustees, were legally bound to keep the premises in repair. He therefore directed judgment for the plaintiff upon the demurrer. In common-law actions, it has repeatedly been decided that a debt contracted by an executor or administrator, as such, and for the benefit of the estate which he represents, only binds him individually, and does not bind the estate. Ferrin v. Myrick, 41 N. Y. 315; Austin v. Munro, 47 N. Y. 360; Willis v. Sharp, 113 N. Y. 586, 591, 21 N. E. 705; Van Slooten v. Dodge, 145 N. Y. 327, 332, 39 N. E. 950, 951. In the case last cited it is said, "An executor cannot subject the estate in his hands for administration to some new liability, either by his contract or by his wrongful act." This is a statement of the general rule. On the other hand, a testator may give such directions in his will in reference to the management of his estate as to render it liable in equity for debts contracted by his executors. Willis v. Sharp, supra. A similar general rule, subject to a like exception, has been held to apply to trustees of real estate. New v. Nicoll, 73 N. Y. 127. In the case last cited, the defendant was the trustee of certain premises, to receive the rents, issues, and profits thereof, and, "after paying therefrom all taxes, assessments, and other charges thereon," to apply the rest and residue to the use of a beneficiary named in the instrument creating the trust, during her life, and upon her death to convey it in accordance with the testamentary directions of such beneficiary. The plaintiff sued to recover the agreed value of work done and materials furnished in the repair of buildings upon the property held by the defendant in trust. He succeeded upon the trial, but the judgment in his favor was reversed at the general term, and the reversal was sustained in the court of appeals. The opinion of the general term was written by Mr. Justice Gilbert, who held that the duty of the trustee to pay taxes, assessments, "and other charges" upon the premises related to liens or incumbrances which were paramount to the trust, and not to expenditures for repairs upon the property. "A trustee cannot bind the trust estate by an executory contract," he said, and "the facts that the plaintiff made the repairs, relying on the authority of the trustee and on the trust estate, and that the repairs were necessary for the preservation of the subject of the trust, and that the trustee had no trust funds, we think, do not take the case out of the principle stated. The reliance of the plaintiff was simply a mistaken one on his part. The law does not justify it." New v. Nicoll, 12 Hun, 431. To the same effect is the opinion in the court of appeals, which was written by Earl, J., who said:

"The general rule, undoubtedly, is that a trustee cannot charge the trust estate by his executory contracts unless authorized to do so by the terms of the instrument creating the trust. Upon such contracts he is personally liable, and the remedy is against him personally. But there are exceptions to this general rule. When a trustee is authorized to make an expenditure, and he has no trust funds, and the expenditure is necessary for the protection, reparation, or safety of the trust estate, and he is not willing to make himself personally liable, he may, by express agreement, make the expenditure a charge upon the trust estate."

The proof there, however, did not bring the case within the exception mentioned; nor do the allegations of the complaint in the present action suffice to show that there was any agreement between the parties to the effect that the expense of the plumbing to be done by the plaintiff should be a charge upon the trust estate. The existence of some such agreement being essential to the successful prosecution of his claim against the defendants as executors and trustees, the plaintiff was bound to plead it, and his failure to do so makes his complaint fatally defective. The demurrer of the defendants should therefore have been sustained. All concur.