## COPPOLA v. KRAUSHAAR.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

**1. Breach of Contract—Remote Damages.**

    Damages for the breach by plaintiff's betrothed of her promise of marriage, and the expenses "which plaintiff went to in buying presents, wines, clothes," etc., for the wedding feast, cannot be recovered in an action for the breach of contract by defendant to complete within a time specified

two gowns ordered by plaintiff for his betrothed; such damages being too remote, and not in contemplation of the parties when the contract was made.

2. SAME—SUFFICIENCY OF COMPLAINT—DEMURRER.

Where the complaint shows a breach of contract, entitling plaintiff to nominal damages, it should not be dismissed on demurrer, though the actual damages alleged are too remote for recovery.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 7, 8.]

Appeal from Trial Term, Kings County.

Action for breach of contract by Lorenzo Coppola against Isidor Kraushaar. From a judgment of dismissal, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Nelson L. Keach, for appellant.

Abraham I. Spiro and Isidor Wasservogel, for respondent.

JENKS, J. The plaintiff was dismissed at trial, before testimony was taken, because he had not stated a cause of action. The question presented is on the pleading. Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720.

The plaintiff complains that on January 3, 1902, he ordered of the defendant two gowns for his betrothed, to be made after model 4,846; that the defendant was told at the time that plaintiff was to wed on January 19th, and was incurring great expense for the wedding feast; that defendant agreed, in consideration of $50, of which he then received from the plaintiff $10, to furnish the gowns to the woman on or before January 18th; that on January 18th the plaintiff and his betrothed demanded the gowns, but that the defendant wholly failed in performance; that in consequence of such failure the wedding appointed for January 19th "was broken off" by the lady, and the expenses "which the plaintiff went to in buying presents, wines, clothes, and other expenses," to the extent of $500, were "expended uselessly," wherefore he demands damages in said sum.

The suit is novel, in view of the damages laid—so novel that one is almost tempted to conjecture that the pleader has lost sight of the distinction between breach of contract and breach of promise of marriage. See Smith v. Sherman, 4 Cush. 408. It cannot be said that the damages alleged were the immediate and necessary result of the breach, or to have entered into the contemplation of the parties when they made the contract. Although the plaintiff impressed the necessity of performance by January 18th by stating the occasion of the need, he did not foretell the consequences now alleged. He does not allege that either of the "two dresses" was the bridal gown. In Sedgwick on Damages (8th Ed.) § 159, it is said:

"In Booth v. Spuyten Duyvil R. M. Co., 60 N. Y. 487, Church, C. J., stated as his opinion that notice of the object of the contract would not of itself change the measure of damages, 'unless it formed the basis of an agreement.'"

On the other hand, there is nothing alleged to show or permit the inference that the defendant could or should contemplate that his de-

fault would result in even a postponement of the wedding feast—much less, that the wedding would "be broken," whatever that term may import. And it must import more than a mere postponement, inasmuch as it is alleged that the expenses for presents, wines, and clothes were useless, while presents, wines, and clothes bought in view of a wedding are only useless when the wedding is not only postponed, but does not come to pass. Before the defendant can be held to these alleged damages for them, I think that the parties must have had in contemplation that the wedding would never occur if the defendant failed to furnish the "two dresses" on the day before the appointed time. Sedgwick on Damages, § 129, says that:

"The true test would seem to be whether the action of the intervening agency was such as was to be expected to happen upon the defendant's act. If it were so to be expected, the result is not remote."

While such a disappointment would naturally be keen to any prospective bride, it was hardly to be contemplated, in the absence of specific warning, that she would forever refuse to wed if those "two dresses" were not forthcoming before the day set for the ceremony. The damages are too remote. Hadley v. Baxendale, 9 Exch. 341; Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y. 209, 31 N. E. 1018; Dodds v. Hakes, 114 N. Y. 261, 21 N. E. 398; Griffin v. Colver, 16 N. Y. 489, 69 Am. Dec. 718.

But I think that it was error to dismiss the complaint. In Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 457, 51 N. E. 301, 302, the court say:

"The facts stated are admitted by the demurrer. Hence the only question is whether a cause of action is alleged or can be fairly gathered from all the averments contained in the complaint. A demurrer upon that ground can be sustained only when it appears that after admitting all the facts alleged, or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263. Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. Rochester Ry. Co. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008."

Under the pleadings the plaintiff could give evidence of a breach of contract. He had paid $10 in part consideration to the defendant. Abbott, in his brief on the Pleadings, says (page 187):

"In an action for unliquidated damages for a breach of contract, if an executed consideration appears by the complaint, the omission to allege damages is not ground of demurrer, because plaintiff is entitled to recover at least nominal damages, and in such case the insertion of a claim for damages not recoverable on the facts alleged may be disregarded on demurrer. It is the better opinion that the same rule applies even in cases where the consideration is wholly executory and damages are not liquidated, and that in such cases, also, a breach, without showing how plaintiff was pecuniarily damaged, is enough against demurrer. But the authorities are in conflict."

Even if plaintiff were entitled to but nominal damages, he should not have been dismissed. Devendorf v. Wert, 42 Barb. 228; Levy v. Curtis, 1 Abb. N. C. 189; Mills v. Gould, 42 N. Y. Super. Ct. 119, 223; Quin v. Moore, 15 N. Y. 434. If he stated facts which constitut-

ed a cause of action, the pleading was not demurrable, although the good statement was based upon a wrong theory, and although he specified only items of damage to which he was not entitled. Ketchum v. Van Dusen, supra, and authorities cited; Hemmingway v. Poucher, 98 N. Y. 281, 287; Chatfield v. Simonson, 92 N. Y. 209, 218. He certainly has stated facts which require the inference that he was damaged $10. But on the other hand, he has not stated any facts which permit the inference that he has suffered any other actual damage save that alleged, which is too remote. He is, however, entitled to a reversal, although at best he may ultimately gain a pyrrhic victory.

The judgment should be reversed, with costs. All concur.