PALMER, Supervisor, v. ROODS et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. TOWNS—OFFICERS—LIABILITY ON BONDS—ACTIONS—PERSONS SUING—STATUTES.

Consolidated School Law, Laws 1894, p. 1194, c. 556, tit. 2, § 17, provides for a bond to be given by a town supervisor covering all school moneys coming into his hands from any source, and that such bonds shall be sued by the county treasurer. Town Law, Laws 1890, p. 1221, c. 569, § 60, requires a bond covering "all moneys and property including the local school fund, if any," belonging to the town and coming into the hands of the supervisor. *Held*, that it was no objection to a suit on a bond given under the town law that it was not sued by the treasurer.

2. PLEADINGS—DEMURRER—SPECIFIC OBJECTION—CAPACITY TO SUE.

Under Code Civ. Proc. § 490, requiring a demurrer to distinctly specify objections to the complaint, and that the objection that plaintiff has not legal capacity to sue must point out specifically the particular defect relied on, a demurrer to a complaint by a town supervisor on the ground that the plaintiff has not the legal capacity to sue, in that a statute requires the action to be brought by the county treasurer, does not raise the question as to whether the action should have been in the name of the town rather than the supervisor.

[Ed. Note.—For cases in point, see Cent Dig. vol. 39, Pleading, §§ 475–480, 513.]

3. SAME—INSUFFICIENCY TO STATE CAUSE OF ACTION.

A demurrer to a complaint based on a bond of a town supervisor, on the ground that the complaint does not state facts sufficient to constitute a cause of action, does not raise the question as to whether the town rather than a supervisor should have brought the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 475–480, 513.]

Appeal from Special Term, Saratoga County.

Action by John C. Palmer, as supervisor of the town of Hadley,

against Smith M. Roods and others. From an interlocutory judgment sustaining defendants' demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendants to plead over.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. A. Kellogg and T. W. McArthur, for appellant.
Rockwood & Salisbury, for respondents.

COCHRANE, J. The action is on the official undertaking of the defendant Roods as former supervisor of the town of Hadley. The other defendants are the sureties on such undertaking. The alleged breach of the undertaking is, among other things, that the supervisor did not pay over and account for the local school fund which came into his hands.

The defendants demurred on the following grounds:

"First, that it appears upon the face of the complaint that the plaintiff has not the legal capacity to sue, in that the statute governing such cases gives to the supervisor no right to bring this action and specially states that the action should be brought by the county treasurer of the county; second, that the complaint does not state facts sufficient to constitute a cause of action."

The demurrer cannot be sustained on the ground first stated. That ground of demurrer is based on section 17, tit. 2, Consolidated School Law, Laws 1894, p. 1114, c. 556, which provides for a bond to be given by a supervisor covering all school moneys that may come into his hands from any source, and that such bond shall be sued by the county treasurer. The obligation in question, however, was not the bond provided for by the last-mentioned statute, but was the undertaking required by section 60 of the town law (Laws 1890, p. 1221, c. 569), which covers "all moneys and property including the local school fund, if any," belonging to the town and coming into the hands of the supervisor. The defendants executed an undertaking under the town law and not a bond under the consolidated school law. There is no claim that the county treasurer could sue this undertaking given under the town law.

The second ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. This attack on the complaint is disposed of adversely to the defendants by the cases of Town of Hadley v. Garner, 101 N. Y. Supp. 777, and Town of Hadley v. Mosher, 101 N. Y. Supp. 1147, both decided by this court at the present term, the latter case without opinion. It may be that the action should have been instituted in the name of the town rather than by the supervisor. The demurrer, however, does not raise that question. The point is that the plaintiff has no legal capacity to sue on this obligation. Section 490 of the Code of Civil Procedure requires that the demurrer must distinctly specify the objections to the complaint, and that the objection that the plaintiff has not the legal capacity to sue must point out specifically the particular defect relied upon. This demurrer fails to point out that the action should have been instituted by the town of Hadley.

Nor is the point that the action is improperly brought by the supervisor raised by the attack on the complaint for insufficiency. Perkins v. Stimmel, 114 N. Y. 359, 369, 21 N. E. 729, 11 Am. St. Rep. 659; Varnum v. Taylor, 59 Hun, 554, 14 N. Y. Supp. 242; Secor v. Pendleton, 47 Hun, 281; O'Reilly, Skelly & Fogarty Company v. Greene, 18 Misc. Rep. 423, 41 N. Y. Supp. 1056; Town of Pierrepont v. Lovelass, 4 Hun, 696. The last case was reversed (72 N. Y. 211), but on another point, and was cited with approval in 114 N. Y. 369, 21 N. E. 729, 11 Am. St. Rep. 659, on the point that the objection of incapacity of the plaintiff to maintain the action could not be raised by a demurrer taken on the ground that the complaint does not state facts constituting a cause of action.

The interlocutory judgment must be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendants to plead over on the payment of such costs. All concur.