LEAVITT v. JAMES F. SCHOLES CO.

(Supreme Court, Appellate Division, First Department.    December 29, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 427*)—ACTIONS—PERSONAL SUITS.

> A cause of action, which arose in the course of the carrying on by an executrix of the business of her deceased in his name, was personal to the executrix, and suit thereon could not be brought by her in her representative capacity.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1666–1672; Dec. Dig. § 427.*]

> Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Lillian B. Leavitt, as executrix, etc., against the James F. Scholes Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Decker, Allen & Storm, for appellant.
Gerald B. Rosenheim, for respondent.

SCOTT, J. In my opinion it was error to deny the motion to dismiss the complaint. It appears from the complaint and the epitome of the evidence printed in the case that plaintiff is carrying on the business formerly carried on by her decedent, and is doing so under his name. The property which is the subject of this action was purchased by her in the course of such business. It is well settled, as I understand it, that a cause of action arising under such circumstances

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is personal to the executor, and not one belonging to the estate. Austin v. Munroe, 47 N. Y. 360; Willis v. Sharp, 113 N. Y. 591, 21 N. E. 705, 4 L. R. A. 493; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. This is not a case where the goods are shown to have belonged to the decedent in his lifetime, and the injury was effected after the death. It is not therefore one of the class of cases in which it has been held that an action might be brought either by the executor individually, or in his representative capacity.

In my opinion the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

MILLER and DOWLING, JJ., concur.

LAUGHLIN, J. At the commencement of the trial, after counsel for the plaintiff had opened the case, counsel for appellant moved to dismiss the complaint on the ground that the cause of action was not vested in the plaintiff as executrix, but individually, since it appeared that the negligence of the appellant which caused the damages was in the execution of a contract made by the plaintiff with the appellant in conducting the business of the estate as executrix. The motion was denied, and an exception thereto was duly taken. The plaintiff then offered evidence tending to establish the facts alleged in the complaint, and the appellant introduced evidence; but the record shows that the evidence in the main has been omitted, for the reason, as stated in the record, that:

"The appellant desires to review on this appeal only the ruling of the court on the motion to dismiss, on the ground that the action should have been brought by the plaintiff in her individual capacity, instead of as executrix."

At the close of the evidence, counsel for the appellant renewed his motion to dismiss "on the ground that the plaintiff, as executrix, is not the proper party plaintiff," and to the denial of this motion duly excepted.

Counsel for the respondent attempts in the first instance to sustain the judgment on the ground that, if the action should have been brought by the plaintiff individually and not as executrix, this relates to her legal capacity to sue, and the objection should have been taken by demurrer or answer, and not having been so taken was waived. Want of legal capacity to sue is a ground of demurrer, where the incapacity appears on the face of the complaint (Code of Civil Procedure, § 488, subd. 3), and where it does not appear on the face of the complaint the objection may be taken by answer (Code Civ. Proc. § 498), and, if such objection is not taken by demurrer or answer, it is waived (Code Civ. Proc. § 499). It was held, in White v. Joy, 13 N. Y. 83, that where an action is brought in a representative capacity, and the complaint fails to allege facts showing that the plaintiff is the representative he claims to be, this is want of legal capacity to sue, the objection to which could be taken only in the manner provided by the provisions of the Code of Procedure corresponding to those of

the present Code of Civil Procedure.. There are many decisions in this jurisdiction which sustain the contention that, where a plaintiff sues in a representative capacity, an objection that.the cause of action is vested in him individually or in another relates to his legal capacity to sue, and is waived if not taken by demurrer or answer in the manner stated, and these authorities have not been expressly overruled.  Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659;  Nanz v. Oakley, 122 N. Y. 631, 25 N. E. 263;  Varnum v. Taylor, 59 Hun 554, 14 N. Y. Supp. 242;  Town of Pierrepont v. Loveless, 4 Hun, 696, reversed on another ground 72 N. Y. 211; O'Reilly, Skelly & Fogarty Co. v. Greene, 18 Misc. Rep. 423, 41 N. Y. Supp. 1056;  Palmer v. Roods, 116 App. Div. 66, 101 N. Y. Supp. 186.

The Court of Appeals, however, without referring to or discussing the authorities to the contrary, has held in two cases, decided since the decisions above cited with the exception of the case of Palmer v. Roods, supra, that want of legal capacity to sue, within the contemplation of sections 488, 490, 498, and 499 of the Code of Civil Procedure, relates only to incapacity or disqualification on the part of the plaintiff to maintain any action in the capacity in which he sues, or, if the suit be brought in a representative capacity, to failure to show his due appointment to such representative capacity and qualification therein.  Ward v. Petrie, 157 N. Y. 301, 313, 51 N. E. 1002, 68 Am. St. Rep. 790;  Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553.  In Cohen v. American Surety Co., 123 App. Div. 519, 108 N. Y. Supp. 385, this court recently accepted and followed the decisions of the Court of Appeals last cited, as authoritative on this point, and our decision was affirmed by the Court of Appeals, although the opinion of that court does not discuss the question, which, however, was necessarily presented.  Cohen v. American Surety Co., 192 N. Y. 227, 84 N. E. 947.  And the Appellate Division in the Fourth Department, in Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289, has taken the same view of the law on this question.  It must therefore be deemed settled by authority that where a complaint states facts showing a cause of action, but not in the plaintiff in the capacity in which he sues, it is not a case of want of legal capacity in the plaintiff to sue, and the objection need not be taken by demurrer or answer on that ground, but may be taken by demurrer on the ground that the complaint fails to state facts sufficient to constitute a cause of action, or upon the trial by a motion to dismiss as was done in the case at bar.

The cause of action set forth in the complaint arose out of a contract made by the plaintiff with the defendant on the 20th day of May, 1906, five years after letters testamentary were issued to her, and therefore the cause of action was not one which was vested in her testator.  It is to be inferred from the allegations of the complaint that the contract was made by the plaintiff in form in her representative capacity, for that is the capacity in which she brings the action, and it is alleged that the contract was made by the plaintiff, and it was proved that it was made in conducting the business of the estate.  It does not appear whether or not the executrix was directed or au-

thorized by the will to continue the business of the testator. Subject to the rights of creditors, a testator may authorize his executor to continue his business, in which event his property invested in the business at the time of his death would be liable to the creditors for obligations incurred by the executor in the conduct of the business, and, if the testator expressly authorized the use of his general assets in the business, they also would be liable to such creditors, but otherwise not. Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493. But even in such circumstances the debts contracted by the executor, like other debts and obligations contracted by him in the administration of the estate, would bind him individually. Austin v. Munroe, 47 N. Y. 360.

Since the title of the action shows that it is brought in a representative capacity, doubtless after judgment the words showing the representative capacity may not, collaterally at least, be regarded as surplusage, for they stamp the recovery as had in that capacity, and the judgment would not be binding on the executrix in her individual capacity concerning matters or things in which the estate of her testator was not interested. Leonard v. Pierce, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161; Werner v. Wheeler, 142 App. Div. 358, 363, 127 N. Y. Supp. 158. See, also, Hone v. De Peyster, 106 N. Y. 645, 13 N. E. 778. But the plaintiff as executrix and individually is not regarded in law, as respects a cause of action for which she is accountable to the estate, as different persons, and an amendment striking out or inserting words indicating that the action is brought by or against a party in a representative capacity neither constitutes the substitution of a new cause of action nor of a new party, for the service of process is made on the individual, no matter whether he is sued individually or in a representative capacity, and when he comes into court, or is brought into court in a representative capacity, he is also deemed before the court individually for the purpose of making any amendment necessary to change the capacity in which he sues or is sued. Tighe v. Pope, 16 Hun, 180; Boyd v. U. S. T. Co., 187 N. Y. 262, 270, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599.

Aside from the question with respect to the capacity in which the plaintiff brings the action, it is to be inferred from the record, and must be presumed, that the merits of the cause of action set forth in the complaint have been litigated and properly determined. Certainly the Court at Special Term could have allowed an amendment by striking the words from the title of the action which show that it is brought in a representative capacity, and doubtless this could have been done on the trial, and, if necessary, might be allowed on the appeal. I am of opinion, however, that the judgment may be sustained in the form in which it has been recovered. It was the rule, prior to the enactment of section 1814 of the Code of Civil Procedure, that all actions or causes of action which were vested in or accrued against the decedent in his lifetime must be brought by or against his personal representative in a representative capacity, and that causes of action arising after the decedent's death and out of the administration of the estate were vested in the administrator or executor individually,

and that he was liable individually only on causes of action accruing to others likewise arising out of such administration. Hone v. De Peyster, 106 N. Y. 645, 13 N. E. 778; Buckland v. Callup, 105 N. Y. 453, 11 N. E. 843; Austin v. Munroe, supra; Willis v. Sharp, supra; Mulrein v. Smillie, 25 App. Div. 135, 48 N. Y. Supp. 994; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. And although it appears that the revisors who drafted said section 1814 of the Code of Civil Procedure intended to require that all actions arising out of the administration of the estate should be brought by or against the personal representative in his representative capacity, the language they employed failed to effect such a change, or any change in fact, unless it be to require that causes of action accruing after the death of the decedent, but arising from a contract made with him or on a new promise or contract made with the administrator or executor but based on an existing obligation, must also be prosecuted by his personal representative as such. Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273. But see Bingham v. Marine Nat. Bank, 41 Hun, 377.

A cause of action arising out of the administration of the estate is not subject to a counterclaim consisting of a cause of action which accrued against the decedent, and the reason for this rule assigned in some of the decisions is that otherwise such creditors would be given a preference over other creditors of the decedent (Mercein v. Smith, 2 Hill, 210; Merritt v. Seaman, 6 Barb. 330, reversed on another point 6 N. Y. 168; Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384; Thompson v. Whitmarsh, supra), and contracts made by an administrator or executor no matter in what form, in the administration of the estate, bind him individually only, for he is not deemed to be the agent of the estate, and is not even liable for costs in such an action prosecuted in the representative capacity, but he is liable therefor individually as if he had brought the action in his individual capacity. Buckland v. Callup, supra; Thompson v. Whitmarsh, supra; Bingham v. Marine Nat. Bank, supra, affirmed 112 N. Y. 661, 19 N. E. 416; People v. Judges, etc., 9 Wend. 486.

Although it has frequently been declared and held that title to personal property vests in the personal representative of the decedent, this is only for the purpose of administering the estate, and he is accountable to the estate for such administration. The personal property of a decedent does not, as between those interested in his estate and his personal representative, vest in the latter absolutely to deal with as his own, for, if it did, he would only be accountable to the estate for the inventoried value thereof, and not for his actual disposition of the property, in which case any surplus realized over the inventoried value would belong to him, and, if that were the rule, then his successor would be limited to calling him or his personal representatives to account for the personal property of the decedent, and could not enforce, for the estate, an obligation incurred to the former administrator or executor, and those receiving assets of the estate would only be liable to the particular administrator from whom they received them. While, therefore, the title to the personal property of a decedent vests in his personal representative for the purposes of administration, he holds it in trust, and is accountable to the estate for

it. While he may sue, and, as respects the liability of the estate for costs, must be deemed to have sued, in his individual capacity on a cause of action accruing subsequent to the death of the decedent, with possibly the exceptions stated, yet it has been held that he may join in one action in his representative capacity causes of action accruing to the decedent and to him in the administration of the estate. Fry v. Evans, 8 Wend. 530, quoting from 1 Chitty's Pleading, 204.

Although the proper form of action on a cause of action arising out of the administration of the estate is by the personal representative individually, basing his right and title on his letters of administration or testamentary, yet it is well sustained by authority that, with the exceptions already stated, he may sue either individually or in his representative capacity, and this for the reason that, no matter in which capacity a recovery is had, the recovery becomes assets of the estate for which he is accountable, and it does not concern the defendant, whose liability is individual in any event so that the form of judgment is necessarily the same, and the same defenses and remedies are available to the defendant whose liability will be discharged by the satisfaction of the recovery no matter in which form it may be had. Moss v. Cohen, 158 N. Y. 240, 53 N. E. 8; Dunphy v. Callahan, 126 App. Div. 11, 110 N. Y. Supp. 179, affirmed 194 N. Y. 587, 88 N. E. 1118; Cross v. Cross, 26 Misc. Rep. 385, 56 N. Y. Supp. 219; Kane v. Paul, 14 Pet. 33, 10 L. Ed. 341; Mercein v. Smith, supra; Merritt v. Seaman, supra; Patterson v. Patterson, supra; Bingham v. Marine Nat. Bank, supra; Buckland v. Callup, supra; Spies v. Michaelsen, 2 App. Div. 226, 37 N. Y. Supp. 720; Van Buren v. First Nat. Bank, 53 App. Div. 80, 65 N. Y. Supp. 703, affirmed 169 N. Y. 610, 62 N. E. 1101. And see Steele v. Leopold, 135 App. Div. 247, 120 N. Y. Supp. 569, affirmed 201 N. Y. 518, 94 N. E. 1099, and Knox v. Met. El. Ry. Co., 58 Hun, 517, 12 N. Y. Supp. 848, affirmed 128 N. Y. 625, 28 N. E. 485.

It follows, therefore, that the judgment and order should be affirmed, with costs.

INGRAHAM, P. J. I concur with Mr. Justice LAUGHLIN that the judgment should be affirmed, upon the ground that this court on appeal can amend a summons and complaint by striking out the words "as executrix of the last will and testament of Joseph B. Friedlander, deceased," from the title of the action, and leaving the action as brought by the plaintiff individually.