REICHARD v. HUTTON et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 55*)—PROPERTY OF ESTATE—STOCK INDORSED BY DECEASED.

Notwithstanding stock had been indorsed over by intestate to his wife and daughter, absolute title not having passed, because of nondelivery, it technically passed to his administratrix, though its avails be not necessary for payments of debts, and though the wife and daughter may have some equitable title thereto.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 55.*]

2. EXECUTORS AND ADMINISTRATORS (§ 427*)—ACTIONS—REPRESENTATIVE CAPACITY.

Where property belonging to an intestate's estate has been interfered with by a third person, though with permission of the administratrix, thus making her liable on an accounting, she may sue for the wrong in her representative capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1666–1672; Dec. Dig. § 427.*]

3. DISMISSAL AND NONSUIT (§ 72*)—DEFECT CURED BY AMENDMENT OF COMPLAINT.

Nonsuit is not justified on the ground that no conversion took place at the time alleged; the court having properly allowed an amendment of the complaint to conform to the proof as to time of conversion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 72.*]

---

4. BROKERS (§ 35*)—CONVERSION—UNAUTHORIZED TRANSFER OF STOCK.

Transfer of stocks by defendants to another firm of brokers, though not amounting to a sale, had the same effect, as regards a conversion, if they had no right so to do.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 35.*]

Appeal from Trial Term, Rensselaer County.

Action by Harriet N. K. Reichard, administratrix of Charles E. Kilmer, deceased, against Edward F. Hutton and others. From a judgment for defendants on dismissal of the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Black & Peck, for appellant.
John T. Norton, for respondents.

PER CURIAM. We think the proofs raised questions of fact for the determination of a jury, and that the granting of a nonsuit was improper.

[1] The plaintiff could maintain the action in her representative capacity as administratrix. Confessedly the stocks all originally belonged to her intestate. Although the New York Central stock had been indorsed by the deceased over to the plaintiff and her daughter individually, absolute title had not passed to them, because there was no delivery. That stock, therefore, technically passed to the plaintiff as administratrix, notwithstanding its avails may not have been necessary for the payment of debts, and notwithstanding the plaintiff and her daughter may have had some equitable title thereto. As to the other stocks, there is no question but what they belonged to the intestate.

[2] Where property belonging to an estate has been interfered with by a third person, or where the representative of the estate has permitted such interference, and thus made himself liable on an accounting, an action for the wrong may be brought by the representative individually, or in his representative capacity. It is no defense to such an action that it is brought in a representative capacity, instead of by the representative as an individual. Wetmore v. Porter, 92 N. Y. 76; Bingham v. Marine National Bank, 112 N. Y. 661, 19 N. E. 416. The nonsuit was not justified, therefore, on the ground that the action should have been brought by the plaintiff in her individual capacity, instead of as representative of the decedent.

[3, 4] Nor was the nonsuit justified on the ground that the conversion, if any, did not take place when the defendants transferred the stocks to the credit of the Bliven account. The proof showed that the defendants subsequently sold all the stocks to another firm of brokers in liquidation of the Bliven account, and the trial court properly permitted an amendment of the complaint to conform to the proof. The complaint therefore stood, at the time of the granting of the nonsuit, charging the conversion at the time of the sale as well as at the other times alleged, and now so stands, amended. Even if the transfer by the defendants of the stocks to the other brokerage

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

firm was not a strict sale of them, its effect was the same, provided the defendants had no right so to do.

Whether or not the plaintiff, by her acts with respect to the various shares of stock, estopped herself from claiming that the defendants had no right to apply them to the Bliven account or to transfer them to another firm, was a question of fact under all the circumstances, for the jury.

Although the present action is one for conversion, the former action, based upon the theory of Bliven's agency, involved the same facts, and in so far as the holding is applicable to the present form of action we concur in what was said by the First Department in 131 App. Div. 625, 116 N. Y. Supp. 127.

It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SEWELL, J., not voting, not being a member of this court at the time this decision is handed down.