LILLIAN B. LEAVITT, as Executrix of JOSEPH B. FRIEDLANDER, Deceased, Appellant, *v.* THE JAS. F. SCHOLES COMPANY, Respondent.

**Executors and administrators — action by personal representatives of decedent.**

1. Although the proper form of action on a cause of action arising out of the administration of the estate is by the personal representative individually, basing his right and title on his letters of administration or letters testamentary, yet he may sue either individually or in his representative capacity, since, no matter in which capacity a recovery is had, it becomes assets of the estate for which he is accountable, and the same defenses and remedies are available

to the defendant whose liability will be discharged by the satisfaction of the recovery no matter in which form it may be had. So *held*, where an executrix continued, in the name of the decedent and for the benefit of his estate, to conduct and manage the business theretofore conducted and managed by him. Actions brought by and against executors distinguished (citing *O'Brien* v. *Jackson*, 167 N. Y. 31, 33).

2. Where a cause of action accrues to the personal representative of the decedent, as distinguished from a cause of action which accrued to the decedent, whether the action is prosecuted in his name individually or in his representative capacity, it is to be deemed, for the purpose of the taxation of costs, an action by him individually, and if the action be brought in his representative capacity, and he be unsuccessful, the costs may be taxed against him individually without an application to the court.

*Leavitt* v. *Scholes Co.*, 148 App. Div. 78, reversed.

(Argued December 10, 1913 ; decided December 30, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 29, 1911, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Max D. Steuer* and *Gerald B. Rosenheim* for appellant. The action was properly brought in the name of the plaintiff as executrix. (*Dunphy* v. *Callahan*, 126 App. Div. 11, 13; 194 N. Y. 587; *Lakin* v. *Sutton*, 132 App. Div. 557; *Buckland* v. *Gallup*, 105 N. Y. 453; *Van Buren* v. *First Nat. Bank*, 53 App. Div. 80, 83; *Bingham* v. *Marine Nat. Bank*, 41 Hun, 377; 112 N. Y. 661; *Speiss* v. *Mitchelson*, 2 App. Div. 226; *Gross* v. *Gross*, 26 Misc. Rep. 385; *Murray* v. *Church*, 1 Hun, 49; 58 N. Y. 621; *Cheney* v. *Beale*, 47 Barb. 523; *Thompson* v. *Whitmarsh*, 100 N. Y. 35.)

*Adolph F. Bruenner* and *Charles W. Gerstenberg* for respondent. An executrix who continues the conduct of the business of her testator is the real party in interest in

actions arising out of the subsequent conduct of the business, and as such should bring actions in her own name as an individual and not in her representative capacity. (*Austin* v. *Monroe*, 47 N. Y. 360; *Willie* v. *Sharp*, 113 N. Y. 591; *Mulrein* v. *Smillie*, 25 App. Div. 135; *O'Brien* v. *Jackson*, 167 N. Y. 31; *Ferrin* v. *Myrick*, 41 N. Y. 315; *Stewart* v. *Robinson*, 115 N. Y. 328; *Parker* v. *Day*, 155 N. Y. 383; *Dodd* v. *Anderson*, 197 N. Y. 466.)

CHASE, J.   The plaintiff's testator died May 10, 1901, leaving a will, which was duly probated, and she has been duly appointed sole executrix thereof.   After the death of the testator she continued as sole executrix of his will and in his name, and for the benefit of his estate to conduct and manage the business theretofore conducted and managed by him.

The defendant is a corporation, and on May 20, 1906, pursuant to an agreement with the plaintiff as such executrix, undertook to remove certain glass from railroad cars in the borough of Brooklyn, city of New York, to the plaintiff's place of business in the borough of Manhattan in said city, but in doing so, pursuant to said agreement with the plaintiff, it is alleged was careless and negligent and broke certain of the glass.   This action is brought to recover the plaintiff's damages by reason of such alleged carelessness and negligence.   The trial resulted in a verdict for the plaintiff of $754.80.   An appeal from a judgment entered upon .said verdict was taken to the Appellate Division, but the only question presented for review was the ruling of the trial court in refusing to dismiss the complaint because, as is claimed by the defendant, "the action should have been brought by the plaintiff in her individual capacity instead of as executrix."   The Appellate Division by a divided court reversed the judgment and granted a new trial.   (*Leavitt* v. *Scholes Co.*, 148 App. Div. 78.)   An appeal is taken to this court from such order of reversal.

To avoid ·confusion in the consideration of reported cases involving the estate of a deceased person and the acts and contracts of a person duly appointed an executor or an administrator of the estate of such deceased person, it is necessary to ascertain in each case whether the action was brought *by* or *against* such person individually or in his representative capacity, and also whether the court in each case is considering a permissible or essential form of action or course of procedure.

In *Schutz* v. *Morette* (146 N. Y. 137, 140) this court, considering an action brought on an account *against* an executor as such, say: "When the account relates to transactions between the executor or administrator and another party, upon claims not existing at the death of the decedent, although they grow out of matters connected with administration, the action lies only against the executor or administrator personally. In the one case the judgment is *de bonis testatoris,* and in the other *de bonis propriis.* (*Reynolds* v. *Reynolds,* 3 Wend. 244; *Gillet* v. *Hutchinson's Admrs.,* 24 id. 184.)"

This court, again referring to contracts by executors and administrators in *O'Brien* v. *Jackson* (167 N. Y. 31, 33), say: "The general rule is well settled in this state that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator." In that case the reason for the rule and an exception to it are stated in language quoted from *Ferrin* v. *Myrick* (41 N. Y. 315), as follows: "While as between the executor and the person with whom he contracts the latter may rely on the contract, the beneficiaries are not concluded by the executor's act, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor. In an action at law against the executor, the legatees and per-

sons interested in the estate have no opportunity to be heard. To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor in case of the fraud or insolvency of the executor, or when he is authorized to make an expenditure for the protection of the trust estate, and he has no trust fund for the purpose. In the latter case, if unwilling to make himself personally liable he may charge the trust estate in favor of any person who will make the expenditure. Charges against the trust estate in such cases can be enforced only in an equitable action brought for the purpose. To that action the beneficiaries and *cestuis que trust* are necessary parties. The trust estate cannot be depleted or swept away except in an action which they may defend."

Where a cause of action accrues after the death of a decedent and in the conduct of an estate and a recovery if had must be accounted for by the executor or administrator, and an action is brought thereon by such executor or administrator, the reason for enforcing the rule above stated in actions *against* an executor or administrator does not apply. We quote with approval from the dissenting opinion of Justice LAUGHLIN of the Appellate Division in this case (148 App. Div. 78): "Although the proper form of action on a cause of action arising out of the administration of the estate is by the personal representative individually, basing his right and title on his letters of administration or letters testamentary, yet it is well sustained by authority that, with the exceptions already stated, he may sue either individually or in his representative capacity, and this for the reason that no matter in which capacity a recovery is had the recovery becomes assets of the estate for which he is accountable, and it does not concern the defendant, whose liability is individual in any event so that the form of judgment is necessarily the same, and the same defenses and remedies are available to the defendant whose liability will be dis-

charged by the satisfaction of the recovery no matter in which form it may be had. (*Moss* v. *Cohen*, 158 N. Y. 240; *Dunphy* v. *Callahan*, 126 App. Div. 11; affd., 194 N. Y. 587; *Gross* v. *Gross*, 26 Misc. Rep. 385; *Kane* v. *Paul*, 14 Pet. 33; *Mercein* v. *Smith, supra; Merritt* v. *Seaman, supra; Patterson* v. *Patterson, supra; Bingham* v. *Marine Nat. Bank, supra; Buckland* v. *Gallup, supra; Spies* v. *Michelsen*, 2 App. Div. 226; *Van Buren* v. *First Nat. Bank*, 53 id. 80; affd., 169 N. Y. 610. And see *Steele* v. *Leopold*, 135 App. Div. 247; affd., 201 N. Y. 518; *Knox* v. *Met. El. R. Co.*, 58 Hun, 517; affd., 128 N. Y. 625.)" (See, also, *Bingham* v. *Marine Nat. Bank of N. Y.*, 112 N. Y. 661; *Lakin* v. *Sutton*, 132 App. Div. 557; *Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Van Ness* v. *Kenyon*, 208 N. Y. 228.)

Where a cause of action accrues to the personal representatives of the decedent, as distinguished from a cause of action which accrued to the decedent, whether the personal representative prosecutes the action in his name individually or in his representative capacity, it is to be deemed, for the purpose of the taxation of costs, an action by him individually, and if the action be brought in his representative capacity, and he be unsuccessful, the costs may be taxed against him individually without an application to the court. (*Dunphy* v. *Callahan*, 126 App. Div. 11; affd. on the prevailing opinion in the Appellate Division, 194 N. Y. 587.)

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Order reversed, etc.