### EHRMAN v. BASSETT.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 427*)—ACTIONS BY EXECUTOR—ACTION IN INDIVIDUAL CAPACITY.

   An action upon a contract made by an executor or administrator must be brought by the executor individually and not in his representative capacity, though an action upon a contract made by decedent must be brought by the executor in his representative capacity, and hence an executrix cannot maintain an action to recover the price of goods belonging to testator at his death which the executrix subsequently sold.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1666–1672; Dec. Dig. § 427.*]

2. APPEAL AND ERROR (§ 887*)—AMENDMENT OF PLEADINGS—STRIKING PARTIES.

   Where an action for the price of goods belonging to the estate, but sold by the executrix after testator's death, was improperly brought as "executrix" instead of individually, the appellate court cannot strike the words "as executrix" from the complaint so as to permit the judgment for plaintiff to stand as though the action were brought by the executrix individually.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3620; Dec. Dig. § 887.*]

   Ingraham, P. J., dissenting in part.

Appeal from Special Term, New York County.

Action by Adeline Plaut Ehrman, as executrix, against Al Bassett. From an order granting plaintiff's motion for judgment on the plead-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ings, defendant appeals. Reversed, and motion denied, and judgment sustained to demurrer to the complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herman Druck, of New York City, for appellant.

Leo Levy, of New York City, for respondent.

McLAUGHLIN, J. Action by an executrix to recover the purchase price of goods, wares, and merchandise alleged to have been sold by her as such to the defendant. The complaint alleged, in substance, that plaintiff's testator died on January 13, 1913, leaving a last will and testament, which was admitted to probate and letters testamentary issued to her; that at various times between March 5 and May 9, 1913, as such executrix, she sold and delivered to the defendant, at his special instance and request, certain goods, wares, and merchandise upon which, at the agreed price, there remained due and payable $722.50. The defendant demurred to the complaint upon the grounds: (a) That the plaintiff had no legal capacity to sue; and (b) that the complaint did not state facts sufficient to constitute a cause of action. Thereafter, the plaintiff, upon the complaint and demurrer, moved for judgment on the pleadings. The motion was granted, and defendant appeals.

[1] The question presented by the appeal is whether plaintiff, as executrix, can maintain an action to recover the purchase price of goods, wares, and merchandise which belonged to her testator at the time of his death and which, subsequent to her appointment, she sold.

I am of the opinion that the action cannot be maintained, and that the demurrer to the complaint, for that reason, should have been sustained. The rule, as I understand it, is that an action at law upon a contract made by the deceased must be brought in the name of his executor or administrator, but an action brought upon a contract made by the executor or administrator must be brought by him individually. O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238; Parker v. Day, 155 N. Y. 383, 49 N. E. 1046; Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950; Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273; Austin v. Munro, 47 N. Y. 360; Ferrin v. Myrick, 41 N. Y. 315.

Thus, it was held in Thompson v. Whitmarsh, supra, that an action by an executrix in her individual capacity to recover the purchase price of personal property which came into her possession as executrix was properly brought: Judge Finch, who delivered the opinion of the court, commenting upon this phase of the case, said:

"Where an executor or administrator sells on credit the property of the estate and sues to recover the debt, he, as an individual, is the real party in interest, for the contract is made with him, and the promise to pay runs to him, and he is personally accountable for the assets which he has sold. For the same reason the debt does not belong to him in his representative capacity within the intent and meaning of the section of the Code referred to."

In O'Brien v. Jackson, supra, action was brought against defendants as executors of and trustees under a will to recover a balance due

on a contract for repairs made to a building which belonged to the testator at the time of his death and which was devised to the defendants in trust. The complaint alleged that the defendants were the executors and trustees under the will and were authorized to make the agreement sued upon. This allegation was put in issue by the answer. Upon the trial the defendants moved to dismiss the complaint on the ground that it did not state a cause of action against them in their representative capacity. The motion was denied, and plaintiff had a recovery which was affirmed on appeal (42 App. Div. 171, 58 N. Y. Supp. 1044), but reversed by the Court of Appeals; it holding that the motion should have been granted. In reversing the judgment, Cullen, J., who delivered the opinion of the court, said:

"The general rule is well settled in this state that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator."

This was but restating the rule which was laid down in Austin v. Munro, supra, where Judge Allen said:

"The rule must be regarded as well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods or property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the services rendered, or goods or property furnished, or other consideration moving from the promisee, are such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts. The principle is that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator."

See, also, Leavitt v. Scholes, 148 App. Div. 78, 132 N. Y. Supp. 1033.

The authorities cited by the respondent are not in conflict with the view above expressed. Wetmore v. Porter, 92 N. Y. 76, is simply to the effect that whoever receives property, knowing that it is the subject of a trust and has been transferred by the trustee in violation of his duty and power, takes it subject to the right not only of the cestui que trust, but also of the trustee to reclaim possession or to recover for its conversion. And to the same effect is Reichard v. Hutton, 148 App. Div. 813, 133 N. Y. Supp. 44.

In Bingham v. Marine National Bank, 112 N. Y. 661, 19 N. E. 416, the plaintiffs, as administrators, deposited certain moneys of the estate, for which they received a certificate of deposit signed by the cashier, payable to their order as administrators, on surrender of the certificates. The certificates, when produced on the trial, bore the unrestricted indorsements of the payees. It was held that while the contracts represented by the certificates could have been enforced by the plaintiffs in their names as individuals, by seeking to do so in their representative capacity they imposed no hardship upon, and impaired no remedy of, defendant.

[2] It is suggested that, even though it be conceded that the action cannot be maintained by the plaintiff in her representative capacity, nevertheless this court can, on appeal, amend the title of the action and complaint by striking therefrom the words "as executrix," etc., the effect of which would be to permit the recovery to stand as though the action had been brought by the plaintiff. individually. I do not think this should be done, and especially when the defendant, at the first opportunity, has challenged the right of the plaintiff to maintain the action in its present form.

In the O'Brien Case the validity of the complaint was challenged at the trial, and a motion made to dismiss on the ground that it did not state facts sufficient to constitute a cause of action, and, because this motion was not granted, the judgment was reversed.

The order appealed from therefore should be reversed, with $10 costs and disbursements, the motion for judgment denied, with $10 costs, and the demurrer to the complaint sustained, with $10 costs, with leave to serve an amended complaint on payment of costs.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. I dissent on the ground that the description of the plaintiff should be disregarded as surplusage and stricken out, and the action continued as in favor of the plaintiff individually.